IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-60826

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MOISES ESCAMILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

December 1, 1995

Before KING, SMITH, and STEWART, Circuit Judges.

PER CURIAM:

Moises Escamilla appeals the two-year term of imprisonment imposed by the district court when it revoked his supervised release. Escamilla recognizes that this court (together with all other circuit courts that have addressed the issue) has consistently held that the policy statements in Chapter 7 of the Sentencing Guidelines are merely advisory and that a court only need <u>consider</u> them in rendering a decision. <u>See, e.g.</u>, <u>United States v. Mathena</u>, 23 F.3d 87, 92 (5th Cir. 1994). Escamilla argues, however, that after the amendment of 18 U.S.C. § 3553(a)(4) by the Violent Crime Control & Law Enforcement Act of

1994,[1] the statute now requires that a district court sentence a supervised release violator within the sentencing range prescribed by the Sentencing Commission's "policy" statements concerning violations of probation and supervised release, even though the Sentencing Commission itself states that these policy statements are not mandatory.  The Court of Appeals for the Sixth Circuit addressed and rejected this argument in a well-reasoned opinion by Chief Judge Merritt in United States v. West, 59 F.3d 32 (6th Cir. 1995), cert. denied, No. 95-6370, 1995 WL 625069 (U.S. Nov. 13, 1995).  We too reject this argument for the reasons set out in West.  Unless and until the Sentencing Commission issues guidelines for Chapter 7 or changes the policy statements to guidelines or Congress unequivocally legislates that the policy statements in Chapter 7 are binding, this court will not reduce the flexibility of the district courts in sentencing supervised release violators.

Escamilla's sentence is hereby AFFIRMED.

---

[1]     Pub. L. No. 103-322, 108 Stat. 1976 (Sept. 13, 1994).