IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40761
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BRYAN THOMAS FAULK,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CR-003
- - - - - - - - - -
April 16, 1996
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Bryan Thomas Faulk appeals the revocation of his supervised release.  Faulk contends that his sentence was imposed in violation of law because the district court sentenced him to a term of imprisonment in excess of the applicable range set forth in U.S.S.G. § 7B1.4, p.s.  "[W]hen a court sentences a defendant upon revoking his supervised release under [18 U.S.C.] § 3583(e), the policy statements of Chapter 7 are advisory only."  United States v. Mathena, 23 F.3d 87, 93 (5th Cir. 1994); United States

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

v. Escamilla, 70 F.3d 835, 835 (5th Cir. 1995), cert. denied, 1996 WL 106088 (U.S. Apr. 1, 1996) (No. 95-8171).

Faulk contends that the panel's decision in Escamilla is contrary to prior Supreme Court precedent, the plain language of the 1994 amendment to 18 U.S.C. § 3551(a)(4), the legislative purpose of the Guidelines, and the clear intent of the legislators. However, as only an "overriding Supreme Court decision," a change in statutory law, or this court sitting en banc may overrule a panel decision, Faulk cannot prevail on this claim. United States v. Zuniga-Salinas, 952 F.2d 876, 877 (5th Cir. 1992) (en banc).

AFFIRMED.