IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-41024
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID KATO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-90-CR-73-1
- - - - - - - - - -
June 26, 1996

Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Kato appeals the sentence imposed by the district court upon revocation of his term of supervised release.  Kato contends that the 24-month sentence is illegal because it exceeds the applicable range established by the policy statements in Chapter 7 of the U.S. Sentencing Guidelines.  Kato also contends that policy statements in Chapter 7 of the Guidelines are binding and that the district court failed to provide adequate reasons

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

for departing upward from the Guideline range.  This court has held that the policy statements in Chapter 7 of the Guidelines are advisory only.  <u>United States v. Escamilla</u>, 70 F.3d 835 (5th Cir. 1995); <u>United States v. Mathena</u>, 23 F.3d 87, 93 (5th Cir. 1994).  Section 3553(a)(4)(B) of Title 18 of the United States Code provides that district courts must consider the policy statements; it does not provide that district courts are bound by them.  <u>Id.</u>  <u>See</u> 18 U.S.C. § 3553(a)(4)(B)(1994).  Because the policy statements are advisory only, a district court need not give notice of its departure.  <u>Mathena</u>, 23 F.3d at 93 n.13.

Kato's sentence was not unlawful as it was within the statutory maximum upon revocation of supervised release for a defendant whose underlying offense was a Class D felony.  <u>See</u> 18 U.S.C. § 3583(e)(3); <u>see also</u> <u>Mathena</u>, 23 F.3d at 94.  Kato's sentence was not "plainly unreasonable" because the district court determined that Kato's violations indicated he rejected all attempts to supervise him during his period of release.

Kato's appeal is without arguable merit and it thus frivolous.  <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because this appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.

APPEAL DISMISSED.