UNITED STATES of America, Appellee,

v.

**Stuart R. COHEN, Defendant–Appellant.**

**No. 365, Docket 95–1540.**

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 1996.

Decided Oct. 24, 1996.

---

70

David A. Lewis, Legal Aid Society, Federal Defender Division Appeals Bureau, New York City, for Defendant–Appellant.

Leonard Lato, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY (Zachary W. Carter, U.S. Atty., David C. James, Peter A. Norling, Asst. U.S. Attys., of counsel), for Appellee.

Before MESKILL, CALABRESI, and CABRANES, Circuit Judges.

PER CURIAM:

The question presented in this case is whether the Violent Crime Control & Law Enforcement Act of 1994, P.L. 103–322, 108 Stat. 1796, 2095–96, amended 18 U.S.C. § 3553 so as to make policy statements in Chapter 7 of the United States Sentencing Guidelines binding on sentencing courts. We find that it did not.

On June 11, 1993, the United States District Court for the Eastern District of New York (Spatt, J.) entered judgment after Stuart R. Cohen pleaded guilty to a three-count indictment charging mail fraud, wire fraud, and conspiracy to commit wire fraud. The court sentenced Cohen to fifteen months of imprisonment and three years of supervised release. On August 12, 1994, Cohen began his three-year term of supervised release. On May 5, 1995, the Probation Department petitioned the district court to issue a summons based, *inter alia*, on Cohen's use of drugs. On May 19, 1995, Cohen appeared in court and pleaded guilty to the use of drugs. Over the ensuing months, the court gave Cohen repeated opportunities to avoid a prison sentence by ordering him instead to enter in-patient drug-treatment facilities. Cohen did not take these opportunities. Because of Cohen's noncompliance, the court ultimately entered judgment on February 6, 1996, sentencing him to eighteen months imprisonment. This sentence exceeded the range of four to ten months set forth by the applicable policy statement concerning violations of supervised release in Chapter 7 of the United States Sentencing Guidelines. *See* U.S.S.G. § 7B1.4. In 1994—before § 3553 was amended—this circuit held that policy statements, in contrast to sentencing guidelines, were not binding on the sentencing court. *United States v. Anderson*, 15 F.3d 278, 283–84 (2d Cir.1994).

On appeal, Cohen contends that the 1994 amendment to 18 U.S.C. § 3553 altered the status quo to require the court to sentence a defendant within the ranges described in policy statements. While this is a matter of first impression in this circuit,* we note that a majority of circuits to confront the issue have held that the amendment does not make the policy statements mandatory. *See United States v. Hofierka*, 83 F.3d 357, 360–61 (11th Cir.) (per curiam), *modified on other grounds on denial of reh'g*, 92 F.3d 1108 (11th Cir.1996); *United States v. Escamilla*, 70 F.3d 835, 835 (5th Cir.1995) (per curiam), *cert. denied*, —— U.S. ——, 116 S.Ct. 1368, 134 L.Ed.2d 533 (1996); *United States v. West*, 59 F.3d 32, 33–36 (6th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 486, 133 L.Ed.2d 413 (1995). *But see United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir.1996). Because the plain wording of the amended statute indicates that the policy statements are not binding, and because there is no clear legislative intent to the contrary, we follow the majority rule.

Interpretation of a statute begins with its language. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). We thus turn first to the text of the amended statute, which reads in pertinent part as follows:

---

* We recently found in *United States v. Sweeney*, 90 F.3d 55, 58 (2d Cir.1996) (citing *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994)) that Chapter Seven policy statements were non-binding. This decision, which post-dated the 1994 amendment, may be read as implicitly deciding that the amendment did not make the policy statements binding. However, because *Sweeney* did not directly address the effects of the 1994 amendment, and because it relied on a case pre-dating the amendment to support this point, *see Anderson*, 15 F.3d 278, we treat the issue as if it were raised for the first time.

§ 3553. Imposition of a sentence

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, *shall consider—*

. . . .

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

. . . .

(b) Application of *guidelines* in imposing a sentence.—The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the *guidelines* that should result in a sentence different from that described.

18 U.S.C. § 3553 (emphases added and new text underlined).

The added language of § 3553(a)(4)(B) requires a district court to *consider* "the applicable guidelines or policy statements issued by the Sentencing Commission" in sentencing a defendant for a violation of a supervised release. The fact that a court must consider the policy statements, of course, does not mean that it is bound by them. In contrast, § 3553(b) *requires* a court to sentence within ranges set by the guidelines. Section 3553(b)'s repeated use of the word "guidelines" and the absence of the words "policy statement" in its heading and text indicate that the section makes the ranges set out in the guidelines, but not in the policy statements, binding. Thus, while § 3553(a) demands that a court consider both guidelines and policy statements, § 3553(b) makes mandatory only the ranges set out in the guidelines themselves. Absent any applicable guidelines in Chapter 7, § 3553(b)'s mandatory language does not apply. *West,* 59 F.3d at 35.

A statute's plain language cannot be disregarded unless there is "a clearly expressed legislative intention to the contrary." *GTE Sylvania,* 447 U.S. at 108, 100 S.Ct. at 2056. Such an intent is absent here. The 1994 Amendment was originally proposed by the Sentencing Commission, presumably to further the Commission's aims. *See* 136 Cong. Rec. S14892 (Oct. 10, 1990). The Commission "specifically stated in Chapter 7 that it issued advisory policy statements rather than guidelines for sentences imposed upon the revocation of supervised release in order to provide district courts with greater flexibility." *Hofierka,* 83 F.3d at 361 (citations omitted). It is difficult to argue that Congress "clearly expressed" its intention to make policy statements binding when it adopted an amendment proposed by a Commission that had said that its aim in issuing *advisory* policy statements was to give the district courts greater flexibility.

Having examined both statutory language and legislative intent, we follow the Fifth, Sixth, and Eleventh Circuits and hold that the 1994 amendment to 18 U.S.C. § 3553 did not make Chapter 7 policy statements mandatory. The district court's judgment is therefore affirmed.