107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Arnold PRESCOTT, Defendant-Appellant.
 No. 96-1322.
 United States Court of Appeals, Second Circuit.
 Jan. 28, 1997.
 
 Appearing for Appellant: David A. Lewis, Legal Aid Soc'y, Fed. Def. Div.App. Bur., N.Y., N.Y.
 Appearing for Appellee: Ilene Jaroslaw, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 Before OAKES, KEARSE and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed, and the matter is remanded for entry of a corrected judgment accurately reflecting the oral findings of the district court.
 
 
 3
 Defendant Arnold Prescott appeals from a judgment in the United States District Court for the Eastern District of New York, Arnold D. Spatt, Judge, revoking his supervised release and sentencing him to 24 months' imprisonment. On appeal, Prescott contends (1) that the district court erred in not treating the policy statements in Chapter 7 of the Sentencing Guidelines as binding, and (2) that Prescott did not have adequate notice of the basis on which the district court found that he violated the terms of his supervised release. For the following reasons, we affirm, but we remand for entry of a corrected judgment.
 
 
 4
 Prescott's first contention is foreclosed by this Court's recent decision in United States v. Cohen, 99 F.3d 69, 69 (2d Cir.1996) (per curiam), which held that the statutory amendment relied on by Prescott did not make policy statements in Chapter 7 of the Guidelines binding on sentencing courts.
 
 
 5
 Prescott's second contention lacks merit because he received adequate notice of the basis on which he was sentenced. The notice sent by the Probation Department charged that Prescott had violated the terms of his probation by failing drug tests on numerous occasions and by failing to obtain drug treatment as directed by the court. In announcing the sentence, the district court stated that "[t]he defendant's violation of supervised release on the ground of use of habit forming and dangerous drugs is proved. The defendant is found guilty of violation of supervised release. The court also notes that there has been no refutation of the many missed appointments with respect to the defendant with regard to the drug treatment. The court will now proceed to sentence the defendant." The court's findings underlying the ruling that Prescott had violated the terms of his probation and leading to the imposition of sentence were findings as to matters of which Prescott had been given notice.
 
 
 6
 Prescott's lack-of-notice claim is based on the fact that the written judgment entered in the district court stated that the finding of probation violation was based on "PERSISTENT FAILURE TO KEEP APPOINTMENTS WITH THE PROBATION OFFICE." This did not accurately reflect the factual basis for sentencing stated by the district court orally in imposing sentence. Since a sentencing court's oral pronouncements with regard to the imposition of sentence are controlling, see generally United States v. Werber, 51 F.3d 342, 347 (2d Cir.1995); United States v. Marquez, 506 F.2d 620, 621 (2d Cir.1974), the quoted language of the written judgment in this case is a clerical error and is not controlling. We direct that, following the issuance of the mandate herein, the district court enter a corrected judgment that accurately reflects its oral announcement of the basis for sentencing Prescott for probation violation. Cf. United States v. Burd, 86 F.3d 285, 288 (2d Cir.1996); Fed.R.Crim.P. 36.
 
 
 7
 We have considered all of Prescott's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed, and the matter is remanded for entry of a corrected judgment in accordance with the foregoing.
 
 
 8
 The mandate shall issue forthwith.