**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4809

WILLIAM M. ELLIOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-94-38)

Submitted: May 27, 1997

Decided: June 17, 1997

Before HALL, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Stephen W.
Haynie, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William M. Elliott appeals the 15-month sentence he received after the district court revoked his supervised release. He contends that the court plainly erred in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements of the federal sentencing guidelines because, after the 1994 amendments to 18 U.S.C.A. § 3553 (West 1985 & Supp. 1997), the Chapter 7 policy statements are binding. Finding that the court did not commit plain error, we affirm.

Elliott committed a Grade C violation of his supervised release; he was in criminal history category I. His sentencing range under the Chapter 7 policy statements was 5-11 months. USSG§§ 7B1.1, 7B1.4.* At the revocation hearing, Elliott's attorney agreed that the court had authority to either impose a sentence of up to two years, authorized pursuant to 18 U.S.C.A. § 3583(e) (West Supp. 1997), or impose a sentence within the guideline range of 5-11 months. On appeal, Elliott claims that the court was required to impose a sentence within the range set out in the Chapter 7 policy statements because the 1994 amendments to § 3553(a) made the Chapter 7 policy statements binding.

Because Elliott made no objection to a sentence outside the recommended range in the district court, we review for plain error. See Fed. R. Crim. P. 52(b). A defendant is entitled to relief under Rule 52(b) if an error occurred (1) which was plain, that is, one which is clear under current law, (2) which prejudiced him in some way, and (3) which "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano , 507 U.S. 725, 732-36 (1993).

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

In United States v. Davis, 53 F.3d 638, 640-42 (4th Cir. 1995), this court held that the Chapter 7 policy statements "are now and always have been non-binding, advisory guides to the district courts in supervised release revocation proceedings." Davis , 53 F.3d at 642. The issue before the court in Davis was whether the Chapter 7 policy statements were binding before the 1994 amendments took effect. However, this court made clear its position that the policy statements were also not binding after the 1994 amendments to § 3553(a). See id. and 639 n.1 (for cases to which the 1994 amendments apply, district courts are merely to "consider" the Chapter 7 policy statements).

Elliott argues that the statement in Davis was mere dicta. He asserts that the Chapter 7 policy statements are binding. The Ninth Circuit has so held. See United States v. Plunkett, 94 F.3d 517, 519 (9th Cir. 1996). Other circuits have rejected the arguments made by Elliott. See United States v. Cohen, 99 F.3d 69, 71 (2d Cir. 1996), petition for cert. filed, (U.S. Jan. 22, 1997) (No. 96-7589); United States v. Hofierka, 83 F.3d 357, 360-61 (11th Cir.), modified on other grounds, 92 F.3d 1108 (11th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3466 (U.S. Jan. 6, 1997) (No. 96-6923); United States v. Escamilla, 70 F.3d 835 (5th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3657 (U.S. Apr. 1, 1996) (No. 95-8171); United States v. West, 59 F.3d 32, 34-37 (6th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3348 (U.S. Nov. 13, 1995) (No. 95-6370).

At the very least, this authority demonstrates that the district court did not commit plain error in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3