**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4243

STEVE TESTERMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-91-393)

Submitted: September 2, 1997

Decided: November 5, 1997

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Mary Lou Newberger,
First Assistant Federal Public Defender, Charleston, West Virginia,
for Appellant. Rebecca A. Betts, United States Attorney, Steven I.
Loew, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Steve Testerman appeals the twenty-four month sentence he received after the district court revoked his term of supervised release. He alleges that the court committed plain error by imposing a sentence in excess of the sentencing range set out by the policy statements in Chapter 7 of the Sentencing Guidelines,* because the policy statements were made binding after the 1994 amendments to 18 U.S.C.A. § 3553 (West 1985 & Supp. 1997). Finding no plain error, we affirm.

Testerman was originally convicted of one count of conspiracy to possess with intent to distribute dilaudid, and his sentence included a three-year term of supervised release. While on supervised release, Testerman admitted to his probation officer that he used drugs, and two subsequent urinalysis tests confirmed this admission. During the revocation hearing, the district court calculated Testerman's sentence pursuant to USSG §§ 7B1.1, 7B1.4, and also under 18 U.S.C. § 3583(e) (1994). Testerman did not object to these calculations. The district court considered the policy statements in Chapter 7 of the Guidelines, but chose to impose the maximum sentence under § 3583(e). Again, Testerman did not object to the sentence.

Because Testerman did not object to the sentence during the hearing, we review for plain error, and we find no such error here. See Fed. R. Crim. P. 52(b); United States v. Olano , 507 U.S. 725, 732-37 (1993). Chapter 7 policy statements "are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). While Davis dealt with pre-amendment application of the policy statements, this court made clear its position that the policy

_____

*U.S. Sentencing Guidelines Manual (1995).

2

statements were also not binding after the 1994 amendments to § 3553(a). See id. at 639 n.1 (for cases to which the 1994 amendments apply, district courts are merely to "consider" the Chapter 7 policy statements).

Testerman argues that the statements in Davis are mere dicta and that the Chapter 7 policy statements are binding. Only the Ninth Circuit has adopted this view. See United States v. Plunkett, 94 F.3d 517, 519 (9th Cir. 1996). Other circuits have rejected this position. See United States v. Cohen, 99 F.3d 69, 71 (2d Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3753 (U.S. May 12, 1997) (No. 96-7589); United States v. Hofierka, 83 F.3d 357, 360-61 (11th Cir.), modified on other grounds, 92 F.3d 1108 (11th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3466 (U.S. Jan. 6, 1997) (No. 96-6923); United States v. Escamilla, 70 F.3d 835 (5th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3657 (U.S. Apr. 1, 1996) (No. 95-8171); United States v. West, 59 F.3d 32, 34-37 (6th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3348 (U.S. Nov. 13, 1995) (No. 95-6370).

Since the amendments to § 3553 did not expressly make the policy statements binding, and given the weight of authority from other circuits on this issue, we conclude that the district court did not commit plain error in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements. Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3