**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 97-4366

ROBERT LEE HILL,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-93-217)

Submitted: October 31, 1997

Decided: November 18, 1997

Before HALL and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr.,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Stephanie D.
Thacker, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Lee Hill appeals the 24-month sentence imposed by the district court upon revocation of his supervised release. Hill argues that the court plainly erred in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements of the federal sentencing guidelines. See U.S. Sentencing Guidelines Manual §§ 7B1.1, 7B1.4 (1995). In his view, after the 1994 amendments to 18 U.S.C.A. § 3553 (West 1985 & Supp. 1997), the Chapter 7 policy statements are binding. We find that the court did not commit plain error, and affirm the sentence.

Hill's sentencing range under the Chapter 7 policy statements was 7-13 months. At the revocation hearing, his attorney did not contest the court's authority either to impose a sentence within the guideline range or to impose the maximum sentence of two years authorized pursuant to 18 U.S.C.A. § 3583(e) (West Supp. 1997). On appeal, Hill claims that the court was required to impose a sentence within the range set out in the Chapter 7 policy statements because the 1994 amendments to § 3553(a) made the Chapter 7 policy statements binding.

Because Hill made no objection to a sentence outside the recommended range in the district court, we review for plain error. See Fed. R. Crim. P. 52(b). A defendant is entitled to relief under Rule 52(b) if an error occurred (1) which was plain, that is, one which is clear under current law, (2) which prejudiced him in some way, and (3) which "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano , 507 U.S. 725, 732-36 (1993).

In United States v. Davis, 53 F.3d 638, 640-42 (4th Cir. 1995), this court held that the Chapter 7 policy statements "are now and always

2

have been non-binding, advisory guides to the district courts in supervised release revocation proceedings." Davis , 53 F.3d at 642. The issue before the court in Davis was whether the Chapter 7 policy statements were binding before the 1994 amendments took effect. However, in a footnote, this court expressed the view that the policy statements were not binding even after the 1994 amendments to § 3553(a). See id. and 639 n.1 (for cases to which the 1994 amendments apply, district courts are merely to "consider" the Chapter 7 policy statements).

Hill urges that we disregard the statement in Davis as dictum and find that the Chapter 7 policy statements are binding. However, only the Ninth Circuit has held that the 1994 amendments rendered the Chapter 7 policy statements mandatory. See United States v. Plunkett, 94 F.3d 517, 519 (9th Cir. 1996). Other circuits have rejected the arguments made by Hill. See United States v. Cohen, 99 F.3d 69, 71 (2d Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3753 (U.S. May 12, 1997) (No. 96-7589); United States v. Hofierka, 83 F.3d 357, 360-61 (11th Cir.), modified on other grounds , 92 F.3d 1108 (11th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3466 (U.S. Jan. 6, 1997) (No. 96-6923); United States v. Escamilla, 70 F.3d 835 (5th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3657 (U.S. Apr. 1, 1996) (No. 95-8171); United States v. West , 59 F.3d 32, 34-37 (6th Cir.), cert. denied, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 3348 (U.S. Nov. 13, 1995) (No. 95-6370).

The weight of authority from other circuits convinces us that the district court did not commit plain error in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3