**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4708

DENNY LEE SMITH, a/k/a Gary
Adkins,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-91-384)

Submitted: March 31, 1998

Decided: April 27, 1998

Before ERVIN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, John J. Frail,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Denny Lee Smith appeals his twenty-month sentence imposed upon revocation of his supervised release. Smith asserts that the court plainly erred in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements of the Sentencing Guidelines.[1] Smith asserts that the 1994 amendments to 18 U.S.C.§ 3553(a) (1994) rendered the sentencing ranges outlined in the Chapter 7 policy statements binding upon sentencing courts. Finding no plain error, we affirm.

Smith was originally convicted of being a felon in possession of a firearm.[2] The district court sentenced him to serve thirty-three months' imprisonment to be followed by a three-year term of supervised release. Smith completed the imprisonment term and began serving his supervised release.

While on supervised release, Smith's probation officer reported to the court that Smith had violated several conditions of his supervised release. At the revocation hearing, after finding that Smith had committed six Grade C violations, the court revoked Smith's supervised release.[3] Smith's sentencing range under the Sentencing Guidelines

_____

**1** **See U.S. Sentencing Guidelines Manual**, §§ 7B1.1, 7B1.4 (1995).
**2** **See** 18 U.S.C. § 922(g)(1) (1994).
**3** The district court found that Smith violated the conditions of his supervised release because he was twice cited for operating a motor vehicle on a suspended license; on five occasions, he failed to report to his probation officer; he was intoxicated when arrested for domestic battery, obstruction of justice and resisting arrest; he was twice in possession of controlled substances without a prescription; he twice associated with a known felon without first obtaining permission from his probation officer; and he failed to report for random urine screens for drug use five times.

2

was eight to fourteen months. During the hearing, Smith's counsel did not contest the court's authority either to impose a sentence within the guideline range or to impose the statutory maximum sentence of two years.**4** In considering the length of Smith's revocation sentence, the district court concluded that based on the number of violations and their repetitive nature, Smith was virtually unsupervisable. The district court therefore treated Smith as a serious violator and sentenced him to twenty months' imprisonment.

Smith's counsel has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that upon the revocation of Smith's supervised release, the district court was required to sentence Smith in accordance with the Chapter 7 policy statements. However, Smith's counsel also stated that, in his view, there were no meritorious issues for appeal. Smith's counsel provided him with a copy of the <u>Anders</u> brief and informed him of his right to file a pro se supplemental brief. In his supplemental briefs, Smith asserted that he received an unfair hearing because the judge fell asleep while his counsel cross-examined Smith's probation officer. Smith also asserts that his counsel's failure to object to the judge's conduct amounted to ineffective assistance of counsel.

Because Smith did not object to the sentence, we review for plain error.**5** A defendant is entitled to relief under Rule 52(b) if an error occurred (1) which was plain, that is, one which is clear under current law; (2) which affects a defendant's substantial rights; and (3) which "`seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"**6** We find no such error here.

We have previously held that the Chapter 7 policy statements of the Sentencing Guidelines "are now and always have been non-binding, advisory guides to the district courts in supervised release revocation proceedings."**7** In <u>Davis</u>, contrary to Smith's assertions,

_____

**4** <u>See</u> 18 U.S.C. § 3583(e)(3) (1994).
**5** <u>**See**</u> Fed. R. Crim. P. 52(b).
**6** <u>**United States v. Olano**</u>, 507 U.S. 725, 732-37 (1993) (quoting <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936)).
**7** <u>**United States v. Davis**</u>, 53 F.3d 638, 642 (4th Cir. 1995).

3

this court expressed the view that the Chapter 7 policy statements were not binding upon the sentencing courts even after the 1994 amendments to § 3553(a) and that district courts are only required to "consider" them.**8**

Smith urges that we disregard the statement in <u>Davis</u> as dictum and find that the Chapter 7 policy statements are indeed binding. For support, Smith relies on <u>United States v. Plunkett</u> , 94 F.3d 517, 519 (9th Cir. 1996). <u>Plunkett</u> held that the 1994 amendments to § 3553(a) rendered the Chapter 7 policy statements mandatory and binding. However, only the Ninth Circuit has adopted this view, while other circuits have rejected similar arguments.**9**

Since the amendments to § 3553(a) did not expressly make the policy statements binding and given the weight of authority from other circuits on this issue, we conclude that the district court did not commit plain error in imposing a sentence in excess of the sentencing range set out in the Chapter 7 policy statements. Accordingly, we affirm Smith's sentence.

In his pro se supplemental brief, Smith alleges that the trial judge fell asleep during the revocation hearing while defense counsel cross-examined his probation officer and that when awakened, the judge sentenced Smith without explanation as to why the imposed sentence exceeded the range set forth in the Sentencing Guidelines. We find this claim without merit. First, these occurrences do not appear on the record, and counsel has not acted under Fed. R. App. P. 10(e) for correction of this purported omission.**10** Second, even if Smith's allega-

_____

**8** **See id.** & 639 n.1 (for cases to which the 1994 amendments apply, district courts are merely to "consider" the Chapter 7 policy statements).
**9** **See United States v. Cohen**, 99 F.3d 69, 71 (2d Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3753 (U.S. May 12, 1997) (No. 96-7589); <u>United States v. Hofierka</u>, 83 F.3d 357, 360-61 (11th Cir.), <u>modified on other grounds</u>, 92 F.3d 1108 (11th Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3466 (U.S. Jan. 6, 1997) (No. 96-6923); <u>United States v. Escamilla</u>, 70 F.3d 835 (5th Cir. 1995), <u>cert. denied</u>, ___ U.S. ___, 64 U.S.L.W. 3657 (U.S. Apr. 1, 1996) (No. 95-8171); <u>United States v. West</u>, 59 F.3d 32, 34-37 (6th Cir. 1995).
**10** In fact, the judge actually conducted his own examination of the probation officer after Smith's counsel completed cross-examination.

tions were true, we find no reversible error. Smith does not assert that he was in fact deprived of a fundamental element of the judicial process nor has he shown any error that occurred as a result of the judge's alleged sleeping during cross-examination of the probation officer.

Smith also asserts that his trial counsel was ineffective because he failed to object to the judge's conduct. We find that Smith's claim is without merit. Claims of ineffective assistance of counsel are generally not appropriately raised on direct appeal and should be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), unless the record conclusively shows that counsel did not provide effective assistance.[11] Here, the record does not conclusively show that counsel's representation fell below any objective standard of reasonableness.[12] Since the record before us discloses no error, Smith's claim of ineffective assistance of counsel is more properly brought in a § 2255 motion.

We have reviewed the record for potential error and have found none. We therefore affirm Smith's revocation sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[11] **See United States v. DeFusco** , 949 F.2d 114, 117 (4th Cir. 1991).
[12] **See Strickland v. Washington** , 466 U.S. 668 (1984).

5