UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 99-4694

JAMES BRAXTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-95-171)

Submitted: March 23, 2000

Decided: March 31, 2000

Before LUTTIG, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Bryant J. Spann,
Assistant United States Attorney, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Braxton appeals the district court's imposition of a twenty-four-month term of imprisonment upon revocation of his supervised release. His attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising one issue but representing that, in his view, there are no meritorious issues for appeal. Braxton has been notified of his right to file a pro se supplemental brief but has not done so. Finding that the issue raised by counsel is without merit and discerning no other error in the record below, we affirm.

Braxton began serving a three-year term of supervised release in December 1998. In April 1999, the probation officer filed two petitions describing Braxton's violations of the conditions of supervised release and requesting revocation. A third petition was filed in August 1999 and Braxton was arrested. At the revocation hearing, Braxton admitted all the alleged violations: drug use, failure to participate in random urinalysis, failure to report and to follow instructions from the probation officer, and failure to notify the probation officer of a change of address. He did not contest the revocation of his supervised release, but asked for a sentence within the range of 3-9 months recommended under <u>U.S. Sentencing Guidelines Manual</u> § 7B1.4(a) (1998). However, the district court concluded that only the maximum sentence of twenty-four months permissible under 18 U.S.C.A. § 3583(e)(3) (West Supp. 1999), would be an adequate punishment in view of the lenient treatment Braxton had previously received and his failure to abide by the conditions of supervised release.

Braxton's attorney made no objection to the sentence. Consequently, we review for plain error only. <u>See United States v. Olano</u>, 507 U.S. 725, 732-37 (1993) (relief available only if error is plain, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings).

2

In the <u>Anders</u> brief, counsel claims that the district court erred in not sentencing Braxton within the range set out in the Chapter 7 policy statements because the Violent Crime Control & Law Enforcement Act of 1994, No. 103-322, 108 Stat. 1796 (Sept. 13, 1994), made the Chapter 7 policy statements binding on sentencing courts. We have held, however, that the Chapter 7 policy statements are not binding. <u>See United States v. Davis</u>, 53 F.3d 638, 642 (4th Cir. 1995). Although we addressed the pre-amendment policy statements in <u>Davis</u>, we noted that, after enactment of the amendments, "the district courts are required merely to `consider' the Chapter 7 policy statements," and that "Chapter 7 policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." <u>Davis</u> , 53 F.3d at 639 n.1, 642. Other circuits have since expressly held that the 1994 amendments did not make the Chapter 7 policy statements binding. <u>See United States v. George</u>, 184 F.3d 1119, 1121-22 (9th Cir. 1999); <u>United States v. Schwegel</u>, 126 F.3d 551, 552 (3d Cir. 1997); <u>United States v. Cohen</u>, 99 F.3d 69, 71 (2d Cir. 1996); <u>United States v. Hofierka</u>, 83 F.3d 357, 360 61, <u>as modified on denial of reh'g</u>, 92 F.3d 1108 (11th Cir. 1996); <u>United States v. Escamilla</u>, 70 F.3d 835, 835 (5th Cir. 1995); <u>United States v. West</u>, 59 F.3d 32, 35-36 (6th Cir. 1995). Therefore, we find that the district court did not plainly err in sentencing Braxton outside the Chapter 7 sentencing range.

Pursuant to <u>Anders</u>, we have reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3