UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                                          No. 01-4303

LARRY LEE WILSON,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-97-186)

Submitted: September 20, 2001

Decided: October 9, 2001

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Lee Wilson appeals the district court's order sentencing him to twenty-four months imprisonment after revoking his supervised release. Wilson's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue but representing that, in his view, there are no meritorious issues for appeal. Wilson has been notified of his right to file a pro se supplemental brief but has not done so. Finding the issue raised by counsel is without merit and discerning no other error in the record below, we affirm.

Wilson began serving a three-year term of supervised release in July 1999. In November 2000, the probation officer filed a motion describing Wilson's violations of the conditions of supervised release and requesting revocation. The district court continued Wilson's revocation hearing after Wilson admitted violating the conditions of his supervised release by using marijuana and asked for the opportunity to undergo drug rehabilitation treatment.

In February 2001, the probation officer again filed a motion requesting revocation of Wilson's supervised release after Wilson tested positive for marijuana. The district court held a second revocation hearing. Wilson did not contest the charges but claimed he was unable to obtain the drug treatment he required due to personnel problems at the treatment facility. The district court again continued Wilson's revocation hearing and allowed him additional time to obtain treatment. However, in April 2001, the probation officer again filed a motion requesting revocation of Wilson's supervised release after Wilson tested positive for marijuana, hydromorphone, and hydrocodone.

The district court held a third revocation hearing. Wilson did not contest the charges and the district court sentenced Wilson to the statutory maximum sentence of twenty-four months' imprisonment. Wilson's attorney made no objection to the sentence. Consequently, we review for plain error only. *See United States v. Olano*, 507 U.S. 725, 732-37 (1993) (finding relief available only if error is plain, affects

substantial rights, and seriously affects the fairness, integrity, or pub-lic reputation of judicial proceedings).

Wilson claims the district court erred in not sentencing him within the range set out in the Chapter 7 policy statements of the United States Sentencing Guidelines, because the Violent Crime Control & Law Enforcement Act of 1994, No. 103-322, 108 Stat. 1796 (Sept. 13, 1994), made the Chapter 7 policy statements binding on sentenc-ing courts. We have held, however, that the Chapter 7 policy state-ments are not binding. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). Although we addressed the pre-amendment policy statements in *Davis*, we noted that, after enactment of the amend-ments, "the district courts are required merely to 'consider' the Chap-ter 7 policy statements," and that "Chapter 7 policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *Davis*, 53 F.3d at 639 n.1, 642.

Other circuits have since expressly held that the 1994 amendments did not make the Chapter 7 policy statements binding. *See United States v. George*, 184 F.3d 1119, 1122 (9th Cir. 1999); *United States v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir. 1998); *United States v. Shwegel*, 126 F.3d 551, 552 (3d Cir. 1997); *United States v. Cohen*, 99 F.3d 69, 70-71 (2d Cir. 1996), *cert. denied*, 520 U.S. 1213 (1997); *United States v. Hofierka*, 83 F.3d 357, 360-61 (11th Cir. 1996), *cert. denied*, 519 U.S. 1071 (1997); *United States v. Escamilla*, 70 F.3d 835 (5th Cir. 1995), *cert. denied*, 517 U.S. 1127 (1996); *United States v. West*, 59 F.3d 32, 34-37 (6th Cir.), *cert. denied*, 516 U.S. 980 (1995). Therefore, we find the district court did not plainly err in sen-tencing Wilson outside the Chapter 7 sentencing range.

Pursuant to *Anders*, this court has reviewed the record for revers-ible error and found none. We therefore affirm the sentence imposed by the district court following revocation of Wilson's supervised release. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for fur-ther review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*