UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-4325

RICHARD A. KANODE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-92-144)

Submitted: December 20, 2001

Decided: January 15, 2002

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Edward H. Weis, First Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard A. Kanode appeals the district court's order revoking his supervised release and sentencing him to two years imprisonment. Kanode's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue but asserting that, in his view, there are no meritorious grounds for appeal. Kanode has been notified of his right to file a pro se supplemental brief but has not filed a brief. Finding that the issue raised by counsel is without merit and that the record discloses no reversible error, we affirm the district court's order.

Shortly after he began serving a three-year term of supervised release, Kanode was arrested and charged with battery of two men and two police officers, public intoxication, resisting arrest, and fleeing from arrest. After hearing the government's evidence at the revocation hearing, the district court revoked supervised release and imposed the statutory maximum sentence of twenty-four months. On appeal, defense counsel argues that the district court plainly erred in imposing a sentence that exceeded the guideline range of 8-14 months recommended under Chapter 7 of the *U.S. Sentencing Guidelines Manual* (2000). He suggests that the 1994 amendments to the Chapter 7 policy statements made them binding rather than advisory. Because Kanode did not raise this issue in the district court, we review only for plain error. *United States v. Olano*, 507 U.S. 725, 732-36 (1993).

We have held that the Chapter 7 policy statements are not binding. *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). Although *Davis* dealt with the pre-amendment policy statements, we noted that the amendments merely require the district court to "consider" the Chapter 7 policy statements, which remain non-binding. *See id.* and 639 n.1. Other circuits have since expressly held that the 1994 amendments did not make the Chapter 7 policy statements binding. *See*

*United States v. George*, 184 F.3d 1119, 1122 (9th Cir. 1999); *United States v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir. 1998); *United States v. Schwegel*, 126 F.3d 551, 552 (3d Cir. 1997); *United States v. Cohen*, 99 F.3d 69, 70-71 (2d Cir. 1996); *United States v. Hofierka*, 83 F.3d 357, 360-61 (11th Cir. 1996); *United States v. Escamilla*, 70 F.3d 835 (5th Cir. 1995); *United States v. West*, 59 F.3d 32, 34-37 (6th Cir. 1995).*

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the district court's order revoking Kanode's supervised release and imposing a two-year term of imprisonment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Kanode claims the circuits that have ruled adversely to him on the issue did not consider that, had Congress intended not to make the Chapter 7 policy statements binding, it would have amended 18 U.S.C.A. § 3553(b) (West 2000) to refer only to § 3553(a)(4)(A) or to include only the guidelines referred to in § 3553(a)(4)(B). We find this claim unpersuasive.