IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50682
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN LLOYD JENKINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-98-R-233-ALL-SS
--------------------
March 7, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Steven Lloyd Jenkins appeals the 24-month sentence imposed upon revocation of his supervised release following his conviction for possession of an unregistered firearm. Jenkins contends, for the first time on appeal, that the district judge had predetermined his post-revocation sentence prior to hearing the evidence, violating the United States Sentencing Guidelines (USSG) and his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due process rights. Jenkins also argues that the evidence at the hearing established that he only committed minor violations of his supervised release, making the maximum 24-month sentence plainly unreasonable. He finally contends that the district court erred by considering probation violations that had formed the basis of an earlier parole adjustment.

Because Jenkins raises his arguments regarding predetermination of the sentence for the first time on appeal, we review for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). While the USSG mandate that a district court consider its policy statements before sentencing a defendant who has violated the terms of his supervised release, the statements are advisory in nature, and consideration need only be implicit. United States v. Gonzalez, 250 F.3d 923, 930 (5th Cir. 2001); United States v. Escamilla, 70 F.3d 835, 835 (5th Cir. 1995). Here the record indicates the district court in fact gave explicit consideration to the USSG policy statements. Accordingly, Jenkins claim that the district court violated the USSG is meritless. Further, as Jenkins has offered no credible evidence that the district judge was not an impartial fact finder, his due process lack merit as well. Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

Jenkins additionally argues that the evidence at the parole hearing only established that he committed minor parole violations, making a 24-month sentence plainly unreasonable. However, the

evidence at the hearing was sufficient to establish by a preponderance that Jenkins committed a Grade A stalking violation, making the 24 month sentence not plainly unreasonable. United States v. Mathena, 23 F.3d 87, 93-94 (5th Cir. 1994).

Jenkins' assertion that the district court could not have considered the evidence of his prior violations, which were not the subject of the instant motion to revoke, in imposing his sentence is incorrect. See 18 U.S.C. § 3553(a)(1).

Jenkins has not demonstrated any error in the district court's judgment. The judgment is therefore AFFIRMED.