

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2004

# USA v. Bellamy

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2203

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Bellamy" (2004). *2004 Decisions.* Paper 1075.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1075

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2203

UNITED STATES OF AMERICA

v.

SEAN BELLAMY
aka RED

Sean Bellamy,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 97-cr-00474-6)
District Court Judge:  Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2004

Before:  SLOVITER, RENDELL and ALDISERT, Circuit Judges.

(Filed   January 23, 2004 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

On October 26, 1998, after pleading guilty to one count of possession with intent

to distribute cocaine and heroine, Sean Bellamy was sentenced to 78 months in prison,

followed by 5 years of supervised release. Due to his substantial assistance to the authorities, Bellamy received a sentence significantly lower than the lowest end of his sentencing guideline range. His supervised release began on April 26, 2002, and he subsequently violated the terms of his release. He pled guilty to one violation and was sentenced on March 24, 2003, to a 26-month term of incarceration. He appeals his sentence, arguing that it exceeded the upper end of the recommended range without the District Court's giving notice of its intent to do so or sufficiently explaining its sentencing decision. The District Court had jurisdiction over this case under 18 U.S.C. §§ 3231 and 3583(e), and our appellate jurisdiction arises pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We will affirm.

As we write solely for the parties, we will recite only those facts relevant to the issue before us. After his initial guilty plea in 1998, Bellamy cooperated with the authorities, causing the Government to request a downward departure for his substantial assistance pursuant to § 5K1.1 of the United States Sentencing Guidelines. Respecting that request, the sentencing judge departed from the range prescribed for Bellamy by the guidelines – 140 to 175 months – and imposed a sentence of 78 months' imprisonment. While serving that term, Bellamy entered a substance abuse program run by the Bureau of Prisons, leading to an additional 22-month reduction in his sentence. Thus, Bellamy ultimately served 56 months, and began his term of supervised release on April 26, 2002.

According to the United States Probation Office, Bellamy committed six separate

violations of the terms of his supervision within approximately five months of his release. A warrant was issued based on those violations, several of which involved additional drug activity, and Bellamy appeared before the District Court again on March 10, 2003. He entered a guilty plea to one of the six violations – failure to submit to drug treatment, a Grade C violation. This violation was based on Bellamy's failure to adhere to the rules of an outpatient substance abuse program, in which he had to participate as a condition of his release. After not attending nine of the program's weekly counseling sessions, Bellamy was discharged from the program.

Following his guilty plea, Bellamy was sentenced for the violation on March 24, 2003. Chapter 7 of the guidelines, which lists policy statements related to sentencing following the revocation of supervised release, provided for a recommended range of 7 to 13 months. At the sentencing hearing, the Government requested another reduction under § 5K1.1 due to the fact that Bellamy had once again offered assistance to the authorities. The Probation Office, however, recommended that a sentence in excess of the recommended range was appropriate for three reasons: First, Bellamy had received a substantial downward departure at his initial sentencing; second, his continued drug use called into question the sincerity of his treatment efforts; and third, his conduct reflected his inability to adjust to community supervision. The District Court agreed with the recommendation of the Probation Office and sentenced Bellamy to 26 months in prison.

We review de novo a district court's interpretation of a guideline, United States v.

<u>Butch</u>, 256 F.3d 171, 177 (3d Cir. 2001), and we review a district court's decision to exceed the sentencing range prescribed by § 7B1.4 for abuse of discretion. <u>United States v. Schwegel</u>, 126 F.3d 551, 555 (3d Cir. 1997); <u>see also</u> <u>United States v. Blackston</u>, 940 F.2d 877, 894 (3d Cir. 1991) (noting that under such a standard we will only disturb a sentence if it is "plainly unreasonable").

It is well established in our court's precedent, as well as that of other courts of appeals, that the policy statements included in Chapter 7 of the Guidelines Manual are merely advisory, and do not bind sentencing courts as actual guidelines would. <u>Schwegel</u>, 126 F.3d at 553; <u>Blackston</u>, 940 F.2d at 893; <u>see also, e.g.</u>, <u>United States v. Hale</u>, 107 F.3d 526 (7th Cir. 1997); <u>United States v. Cohen</u>, 99 F.3d 69 (2d Cir. 1996); <u>United States v. Hurst</u>, 78 F.3d 482 (10th Cir. 1996). Although Bellamy is correct to note that the Sentencing Commission expressed its intent that the Chapter 7 policy statements would only be the first step in a process that would ultimately lead to the promulgation of binding revocation guidelines, <u>see</u> U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(a) (2002), the Commission has not yet moved beyond this first step. Thus, absent any official action by the Commission, we are left with the policy statements and our law interpreting them.

Applying our existing view of Chapter 7 to this case, we must conclude that the District Court was not required to notify Bellamy of its intent to impose a sentence that exceeded the range recommended in § 7B1.4. Although notice would be required if this

4

case involved a departure from an actual guideline range for purposes of initial sentencing under Chapter 5 of the Guidelines Manual, Burns v. United States, 501 U.S. 129, 138 (1991), this is not such a departure. Unlike the ranges called for by Chapter 5, the ranges listed in Chapter 7 are not binding on the District Court. Accordingly, we conclude that a decision to exceed that range cannot be equated to an "upward departure," and will not invoke the same procedural protections that would accompany such a departure. Cf. Blackston, 940 F.2d at 894 (holding that only general, rather than specific, reasons must be stated when a court strays from the Chapter 7 range). As Bellamy himself acknowledges, other courts of appeals have applied this reasoning in reaching the same conclusion. See, e.g., United States v. Garcia, 323 F.3d 1161, 1164 (9th Cir. 2003) (holding that no notice is necessary when a court exceeds a range recommended by Chapter 7); United States v. Shaw, 180 F.3d 920, 922-23 (8th Cir. 1999) (same); United States v. Burdex, 100 F.3d 882, 885 (10th Cir. 1996) (same). In fact, Bellamy has failed to direct our attention to any case from any court that would support his position regarding notice, and we have been unable to locate such a case.[1] Therefore, we conclude that no notice requirement was violated by Bellamy's learning immediately prior to his sentencing hearing that the Probation Office was recommending a sentence above the

[1]Unless and until the Sentencing Commission takes measures to transform the Chapter 7 policy statements into binding guidelines, we remain bound by our precedents viewing Chapter 7 as a set of advisory provisions that do not carry with them the same procedural protections that accompany the guidelines applicable at initial sentencings.

5

Chapter 7 range.

Regarding the District Court's explanation of its sentencing decision, we are unpersuaded that the sentencing judge's discussion was inadequate, and we cannot conclude that the sentence here is plainly unreasonable. At sentencing, the District Court listed general reasons for its rejection of both the Chapter 7 range and the Government's argument in favor of leniency based on Bellamy's assistance. The sentencing judge, who clearly understood the difference between a typical upward departure and a decision to exceed a range suggested in Chapter 7, expressed his concerns based on the size of the downward departure initially granted to Bellamy, as well as Bellamy's drug use and his need for treatment. These are proper considerations under 18 U.S.C. § 3553(a)(2) and U.S. Sentencing Guidelines Manual § 7B1.4, cmt. n.4 (2002). As we have previously held, this sort of general statement is all that we require when a district court encounters a situation that warrants a sentence that falls outside the policy statements contained in Chapter 7. Blackston, 940 F.2d at 894. Accordingly, we conclude that Bellamy's sentence, which is not plainly unreasonable, was adequately explained by the District Court.

In light of the foregoing, we will AFFIRM the sentence imposed by the District Court.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge