**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jack WEST, Defendant–Appellant.**

No. 94–2223.

United States Court of Appeals,
Sixth Circuit.

Argued April 10, 1995.

Decided July 10, 1995.

Patricia G. Blake (briefed), David Debold (argued), Office of U.S. Atty., Detroit, MI, for plaintiff-appellee.

Andrew N. Wise, Federal Public Defenders Office, Detroit, MI (argued and briefed), for defendant-appellant.

Before: MERRITT, Chief Judge; LIVELY and KEITH, Circuit Judges.

MERRITT, Chief Judge.

The United States Sentencing Commission has issued "policy" statements but not "guidelines" for resentencing after a violation of conditions of parole or supervised release. Defendant, Jack West, appeals the two year sentence imposed after admitting that he violated the conditions of his supervised release. He argues that after the amendment of 18 U.S.C. § 3553(a)(4) by the Violent Crime Control & Law Enforcement Act of 1994,[1] the statute now requires that a district court sentence a supervised release violator within the sentencing range prescribed by the Sentencing Commission's "policy" statements concerning violations of probation and supervised release, even though the Sentencing Commission itself states that these policy statements are not mandatory. As we explain below, we are not persuaded by the defendant's arguments. We, therefore, affirm the district court's sentence.

The facts of this case are undisputed. Defendant West pleaded guilty to a charge of wire fraud, a class D felony, in the Eastern District of Michigan and was sentenced on November 23, 1993 to 11 months in prison, $32,600 in restitution, and a three-year term of supervised release. He was released from the prison in Morgantown, West Virginia on May 17, 1994. He was given $400 minus bus fare and instructed that the terms of his supervised release required him to report to the probation office in the Detroit area within 72 hours of release. West did not do so. Instead of getting in touch with the probation office, he went to Pennsylvania and got a job working in carnivals. On June 16, 1994, the sentencing court signed a warrant for West's arrest because he failed to report to the probation office as required by the conditions of his supervised release. A revocation hearing was held on October 7, 1994. During that hearing, West admitted that he failed to report to the probation office. By way of explanation, West stated that he went to Pennsylvania in order to try and get in contact with his daughter. When the proceeding continued on October 14, 1994, the district court reviewed the table of sentencing ranges included in the "policy" statements for supervised release violation in Chapter 7 of the Sentencing Guidelines. Under this table, West's resentencing range was three to nine months since he committed a grade C violation and was in Criminal History Category I. U.S.S.G. § 7B1.4(a). The district court concluded that the sentencing range of 3 to 9 months set out in the table was much too lenient. The court imposed the maximum statutory sentence of two years imprisonment. *See* 18 U.S.C. § 3583(e)(3) ("[A] defendant whose term is revoked under this paragraph may not be required to serve more ... than 2 years in prison if such offense is a class C or D felony."). The district court stated:

> The Court has considered the guidelines in this particular matter....In this case I think the guidelines as related here are much too lenient, and that I must look at this case in protecting society as well as rehabilitating the defendant. In this particular matter the rehabilitation process has not happened in the amount of time served and, therefore, the guideline provisions would not be applicable in this case, though I considered them. The Court does not believe I should follow them.

*See* Joint Appendix at 58.

■ This Court has consistently held that the policy statements in Chapter 7 are merely advisory and that a court only need to consider them in rendering a decision for sentence. *See United States v. Cohen*, 965 F.2d 58 (6th Cir.1992); *United States v. Sparks*, 19 F.3d 1099 (6th Cir.1994). Moreover, all the circuits that have considered the question now agree that the policy statements in Chapter 7 of the Sentencing Guide-

1. Pub.L. No. 103–322, 108 Stat. 1796 (Sept. 13, 1994).

lines are not binding.[2] Chapter 7 contains neither guidelines nor policy statements that interpret guidelines. Instead, as the Sentencing Commission emphasized in its introduction to Chapter 7, the policy statements in Chapter 7 are "the first step in an evolutionary process," and designed to provide "greater flexibility to both the Commission and the courts." U.S.S.G. Ch. 7, Pt. A5, A3(a). The introduction concludes: "The Commission expects to issue revocation guidelines after judges, probation officers, and practitioners have had an opportunity to apply and comment on the policy statements." U.S.S.G. Ch. 7, Pt. A5. To date, the Sentencing Commission has not issued any guidelines for Chapter 7.

■ The defendant argues that Congress intended to make Chapter Seven's policy statements binding by enacting S. 468, "A bill to amend provisions of title 18 United States Code, relating to terms of imprisonment and supervised release following revocation of a term of probation or supervised release," as part of the Violent Crime Control & Law Enforcement Act of 1994. Prior to September 13, 1994, § 3553 read, in pertinent part, as follows:

§ 3553 **Imposition of a sentence**

(a) **Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced....

(b) **Application of guidelines in imposing a sentence.**—The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described.

Defendant points out that the Sixth Circuit, relying on the Supreme Court opinion in *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), has held that the language in § 3553(b) is mandatory in spite of the permissive language of § 3553(a) and that § 3553(b) requires a court to impose the sentence set forth in the guidelines, unless the court can justify a departure under the terms of § 3553(b). *See United States v. Davern*, 970 F.2d 1490, 1492 (6th Cir.1992) (en banc). The Court used a plain meaning analysis to conclude that the language in (a)(4) was binding as a result of (b), and overrides (a). Because § 3553(b) contains mandatory language and because it specifically states that the court **shall** impose the sentence referred to in subsection (a)(4), the Sixth Circuit held that Congress meant to make the guidelines binding on courts. The Supreme Court reaffirmed *Burns* in *Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). In *Stinson*, the Court held that commentary in the sentencing guidelines that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute or unless it is plainly erroneous or inconsistent with the guideline it interprets. *Id.* at ——, 113 S.Ct. at 1919. Defendant reasons that the effect of *Stinson, Burns, Davern,* and the 1994 amendment is that the policy statements in Chapter 7 are now binding. Section 3553 now reads:

§ 3553 **Imposition of a sentence**

(a) **Factors to be considered in imposing a sentence.**—The court shall impose a

**2.** The only circuit that held otherwise has now switched its position. *See United States v. Hill,*

48 F.3d 228 (7th Cir.1995).

sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced; or

(B) *in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;*

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced....

(b) **Application of guidelines in imposing a sentence.**—The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described.

(New text is italicized). Subsection (a)(4) now has two parts: (A) and (B). The new language is in (B). Defendant maintains that the mandatory language of § 3553(b) now covers the applicable guidelines or policy statements issued by the Sentencing Commission in cases of a violation of probation or supervised release because section (b) makes the provisions of (a)(4) mandatory. We disagree. Neither the plain meaning of the statute nor the reasoning of *Stinson, Burns,* or *Davern* compel that result.

The government concedes and we agree that if the Sentencing Commission decides to issue actual guidelines rather than "policy" statements for supervised release violations, we are required by prior case law to make them binding. Section 3553(b) is now interpreted to require a court to impose a sentence within the applicable guideline range unless there exist circumstances "not adequately taken into account in formulating the guidelines." Absent any applicable guidelines, the mandatory language of § 3553(b) does not apply. This is consistent with the Supreme Court's reasoning in *Burns* and *Stinson* and our reasoning in *Davern.* In *Burns* there was an applicable guideline and in *Stinson* the commentary was held authoritative because it interpreted or explained a guideline. The Sentencing Commission has Congress' authorization to promulgate either guidelines or policy statements. As the Commission clearly explained in its introduction to Chapter 7, it preferred to issue only non-binding sentencing recommendations until "federal judges, probation officers, practitioners and others have the opportunity to evaluate and comment on these policy statements." Therefore, because there are not any guidelines for the policy statement to interpret or explain, the mandatory language of § 3553(b) does not apply.

■ On a plain reading of amended § 3553(a), a court is required to "consider" the policy statements in Chapter 7 in imposing a sentence for supervised release violation. Defendant argues that in amending § 3553 Congress only could have intended to make the policy statements mandatory. We have just provided two other possible purposes: To make explicit that when the Commission does issue guidelines pertaining to the revocation of supervised release, those guidelines will be as binding as other sentencing guidelines; and to affirm the principle recognized by the Sixth Circuit that a court must consider the Chapter 7 policy statements when sentencing a defendant for violation of the conditions of supervised release.[3] Defendant's conclusion about Con-

---

**3.** We also note that the amendment to § 3553 clarifies the meaning of 18 U.S.C. § 3583(e) which provides that "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)" terminate, extend or revoke a term of supervised release or modify the conditions. The amendment makes clear that one of

gressional purpose does not follow from the wording of the amendment or reasoning of the cases. His conclusion also is not mandated by the comments made by Senator Thurmond when he introduced S. 468. Senator Thurmond did not say that the purpose of the bill was to make the policy statements contained in Chapter 7 mandatory, but stated only that the bill "provides that court discretion in resentencing will be guided by pronouncements that the Sentencing Commission has crafted specifically to apply in this area; that is, by any guidelines or policy statements issued by the Commission expressly to regulate probation revocation." 139 Cong. Rec. S2150 (daily ed. February 25, 1993).

Until the Sentencing Commission changes the policy statements in Chapter 7 to guidelines or Congress unequivocally legislates that the policy statements in Chapter 7 are binding, this Court will not reduce the flexibility of the district courts in sentencing supervised release violators. The district court's sentence is hereby affirmed.

the court's considerations in applying § 3583(e) will be the policy statements or guidelines contained in Chapter 7. The amendment also harmonizes § 3553 with the provisions of 28 U.S.C. § 994(a). Section 994 delegates to the Sentencing Commission the authority to promulgate (1) guidelines for use in determining the sentence to be imposed in a criminal case, (2) general policy statements regarding application of the guidelines, and (3) "guidelines or general policy statements regarding the appropriate use of the provisions for revocation of probation set forth in section 3565 of title 18, and the provisions for modification of the term or conditions of supervised release and revocation of supervised release set forth in section 3583(e) of title 18."