110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard W. STEPHENSON, Defendant-Appellant.
 No. 96-2661.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Richard W. Stephenson appeals a district court order revoking his supervised release. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Stephenson pleaded guilty to conspiracy to possess with intent to distribute marijuana in the United States District Court for the Western District of North Carolina. That court sentenced Stephenson to five months of imprisonment and three years of supervised release. Following his release from prison, jurisdiction over Stephenson's supervised release was transferred to the United States District Court for the Eastern District of Tennessee. In April 1996, the district court, after concluding that Stephenson had violated several conditions of his supervised release, revoked his release and sentenced him to 14 months of imprisonment and a new 22 month term of supervised release.
 
 
 3
 In this timely appeal, Stephenson's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he argues that the district court improperly departed upward from the sentencing range established by Chapter VII of the Sentencing Guidelines. Stephenson has not responded to his counsel's motion to withdraw.
 
 
 4
 Stephenson's argument that the district court improperly departed upward from his Guideline range is without merit. Since Stephenson committed several Grade C violations of his supervised release and has a Criminal History Category of II, his resulting Guideline range was four to ten months of imprisonment. See USSG § 7B1.4(a), p.s. The district court departed upward from this range and sentenced Stephenson to fourteen months of imprisonment. Although Stephenson argues that the district court should not have departed upward, § 7B1.4 is a policy statement and, thus, is not binding on the district court. United States v. West, 59 F.3d 32, 35 (6th Cir.), cert. denied, 116 S.Ct. 486 (1995). The court must only consider the policy statement when dealing with violations of supervised release. Id. at 35-36.
 
 
 5
 In this case, the district court clearly considered the policy statement before deciding to depart upward. While the court noted that the policy statement provided for a range of four to ten months of imprisonment, the court concluded that a longer period of time was required in order for Stephenson to receive substance abuse treatment. Consequently, the court departed upward in sentencing Stephenson.
 
 
 6
 Lastly, we have conducted an independent review of the record and conclude that no reversible error is apparent.
 
 
 7
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.