**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Debbie H. GEORGE, Defendant–
Appellant.**

No. 98–30307.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1999.

Decided July 26, 1999.

Daniel Donovan and Michael Donahoe, Assistant Federal Public Defender, Great Falls, Montana, for the defendant-appellant.

Bernard F. Hubley, Assistant United States Attorney, Helena, Montana, for the plaintiff-appellee.

Before: LAY,[1] GOODWIN, and McKEOWN, Circuit Judges.

McKEOWN, Circuit Judge:.

Debbie George appeals a 23–month sentence imposed upon revocation of her supervised release. George contends that the district court erred by failing to sentence her within the 7–to–13 month range outlined in the policy statements set forth in Chapter 7 of the Sentencing Guidelines. We hold that, in determining an appropriate sentence upon revocation of supervised release, a district court must consider but is not bound by the Chapter 7 policy statements. We therefore affirm George's sentence.

## I. Background

In July 1993, George, a convicted felon, pleaded guilty to possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[2] She

---

**1.** Honorable Donald P. Lay, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

**2.** 18 U.S.C. § 922(g)(1) makes it unlawful for any person "who has been convicted in any

court of ... a crime punishable by imprisonment for a term exceeding one year ... [to] possess in or affecting commerce ... any firearm or ammunition ... or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

received a sentence of 70 months, followed by a three-year term of supervised release with standard and special conditions. In October 1998, the district court found George in violation of various conditions of her supervised release. The district court revoked George's supervised release and sentenced her to 23 months imprisonment. Prior to sentencing, George's counsel argued that George should receive a term within the 7–to–13 month range stated in U.S.S.G. § 7B1.4, p.s. The district court rejected the argument, concluding that the ranges in section 7B1.4 are not binding.

## II. Standard of Review

■ We review de novo the district court's application of the Sentencing Guidelines. *United States v. Nieblas,* 115 F.3d 703, 705 (9th Cir.1997). We review for abuse of discretion the district court's consideration of non-binding policy statements. *See United States v. Contreras,* 63 F.3d 852, 855–56 (9th Cir.1995).

## III. Revocation of Supervised Release

Upon finding that a defendant has violated a condition of supervised release, the district court may "revoke a term of supervised release" and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute," not to exceed a certain number of years, depending on the nature of the original offense. 18 U.S.C. § 3583(e)(3). In doing so, the court must consider the factors set forth in certain subsections of 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). The issue in this case concerns the effect of the 1994 amendments to subsection (4) of section 3553(a).

## IV. Consideration of Chapter 7 Policy Statements

■ Before 1994, 18 U.S.C. § 3553(a)(4) required a court, "in determining the particular sentence to be imposed," to consider,

the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission. . . .

The 1994 amendments renumbered the above provision as subsection (A) of section 3553(a)(4), and added subsection (B), which deals specifically with probation and supervised release and requires a court to consider,

in the case of a violation of probation or supervised release, the applicable *guidelines* or *policy statements* issued by the Sentencing Commission. . . .

18 U.S.C. § 3553(a)(4)(B) (emphasis added).

The Sentencing Commission has not yet promulgated guidelines, but rather only "evolutionary" policy statements, applicable to violations of probation or supervised release. *See* U.S.S.G. Ch. 7, Pt. A1. The Commission intends to issue guidelines after a period of evaluation and comment regarding the policy statements contained in Chapter 7 of the Sentencing Guidelines:

Under 28 U.S.C. § 994(a)(3), the Sentencing Commission is required to issue guidelines or policy statements applicable to the revocation of probation and supervised release. At this time, the Commission has chosen to promulgate policy statements only. These policy statements will provide guidance while allowing for the identification of any substantive or procedural issues that require further review. The Commission views these policy statements as evolutionary and will review relevant data and materials concerning revocation determinations under these policy statements. Revocation guidelines will be issued after federal judges, probation officers, practitioners, and others have the opportunity to evaluate and comment on these policy statements.

*Id.* The Chapter 7 policy statements classify violations of probation or supervised release under one of three grades, A through C, depending on the severity of the conduct. U.S.S.G. § 7B1.1, p.s. Chapter 7 then provides a table, listing ranges of sentences to be imposed upon revoca-

tion of probation or supervised release, which are indexed by the grade of violation and the criminal history category assigned to the defendant at the time of original sentencing. U.S.S.G. § 7B1.4, p.s. For George, whose criminal history category was V, having committed a Grade C supervised release violation, the table in Chapter 7 showed a range of 7-to-13 months. *Id.* George contends that, pursuant to the new subsection 3553(a)(4)(B), the district court was required to sentence her within the range set forth in Chapter 7. We disagree.

In *Williams v. United States,* 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), the Supreme Court observed that the Sentencing Commission has authority to promulgate both guidelines and policy statements concerning application of the guidelines. *Id.* at 200, 112 S.Ct. 1112. Rather than drawing a distinction between "actual" guidelines and interpretative policy statements, the Court held that an interpretative policy statement constitutes "an authoritative guide to the meaning of the applicable Guideline" and, if misconstrued, could lead to "an incorrect application of the sentencing guidelines" within the meaning of 18 U.S.C. § 3742(f)(1).[3] *Id.* at 201, 112 S.Ct. 1112. Likewise, in *Stinson v. United States,* 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), the Court viewed interpretative or explanatory commentary as binding on the courts, except when "plainly erroneous or inconsistent" with the guidelines. *Id.* at 42-43, 45, 113 S.Ct. 1913; *see also* U.S.S.G. § 1B1.7 ("Failure to follow [interpretative or explanatory] commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal.").

In contrast, the policy statements set forth in Chapter 7 are neither guidelines nor interpretations or explanations of guidelines. Thus, before the 1994 amendments to section 3553(a)(4), the over-

whelming majority of circuits, including ours, distinguished *Williams* and *Stinson* and held that, although entitled to great weight, the policy statements in Chapter 7 are not binding on the sentencing judge. *See United States v. Forrester,* 19 F.3d 482, 484 (9th Cir.1994); *see also United States v. Hurst,* 78 F.3d 482, 484 (10th Cir.1996); *United States v. Davis,* 53 F.3d 638, 640 n. 6 (4th Cir.1995); *United States v. Hill,* 48 F.3d 228, 231-32 (7th Cir.1995); *United States v. Milano,* 32 F.3d 1499, 1502-03 (11th Cir.1994) (citing cases from the Second, Fifth, Sixth, and Eighth Circuits).

The Ninth Circuit has yet to address, in the context of supervised release, whether the 1994 amendments to section 3553(a)(4) alter the status of the Chapter 7 policy statements. Every other circuit to consider the question, however, has held that the 1994 amendments do not make the policy statements mandatory with respect to sentences imposed upon revocation of supervised release. *United States v. Schwegel,* 126 F.3d 551, 552 (3d Cir.1997) ("[D]espite the 1994 amendment, the ranges set out in U.S.S.G. § 7B1.4 remain advisory and not binding."); *United States v. Cohen,* 99 F.3d 69, 71 (2d Cir.1996), *cert. denied,* 520 U.S. 1213, 117 S.Ct. 1699, 137 L.Ed.2d 825 (1997); *United States v. Hofierka,* 83 F.3d 357, 360-61, *as modified on denial of reh'g,* 92 F.3d 1108 (11th Cir.1996), *cert. denied,* 519 U.S. 1071, 117 S.Ct. 717, 136 L.Ed.2d 636 (1997); *United States v. Escamilla,* 70 F.3d 835, 835 (5th Cir.1995); *United States v. West,* 59 F.3d 32, 35-36 (6th Cir.1995); *see also Davis,* 53 F.3d at 642 ("[W]e hold ... that Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings.").

We are persuaded by the reasoning of our sister circuits. The purpose of the 1994 amendments was to clarify that "re-

---

**3.** 18 U.S.C. § 3742(f)(1) requires an appellate court to remand for further sentencing proceedings, with appropriate instructions, if it determines that the sentence was imposed "in violation of law" or "as a result of an incorrect application of the sentencing guidelines."

sentencing for probation and supervised release violations should be based 'upon sentencing guidelines and policy statements issued by the Commission specifically for that purpose,' rather than upon the guidelines applicable to the initial sentencing" for the original offense. *Schwegel*, 126 F.3d at 554 (quoting 136 Cong. Rec. S14,893, S14,895 (1990)); *accord West*, 59 F.3d at 35–36. Because the Commission has not yet issued guidelines relating to revocation of supervised release or changed its view that the Chapter 7 policy statements are merely advisory, we see no reason to reduce the flexibility of district courts in sentencing supervised release violators. *See Schwegel*, 126 F.3d at 553, 555; *Cohen*, 99 F.3d at 71; *Hofierka*, 83 F.3d at 361; *Escamilla*, 70 F.3d at 835; *West*, 59 F.3d at 35–36; *see also* U.S.S.G. Ch. 7, Pt. A3(a) (policy statement "approach provided greater flexibility to both the Commission and the courts"). Of course, when the Commission issues "actual guidelines rather than 'policy' statements for supervised release violations, we are required by prior case law to make them binding." *West*, 59 F.3d at 35.

George argues that our decision in *United States v. Plunkett*, 94 F.3d 517 (9th Cir.1996), somehow dictates that a district court treat the Chapter 7 policy statements with the same binding effect as sentencing guidelines. We do not read *Plunkett* so broadly. In *Plunkett*, we addressed the effect of the 1994 amendments to section 3553(a)(4) in the context of a probation revocation. We observed that the new subsection 3553(a)(4)(B) identifies guidelines and policy statements in the disjunctive, and therefore held that, with respect to probation violations, the district court continues to have discretion to resentence the defendant under the applicable guidelines "to the range of sentences available at the time of the original sentencing." 94 F.3d at 519; *see* 18 U.S.C. § 3565(a)(2) (for probation violation, court may "revoke the sentence of probation and resentence the defendant under subchapter A").

To support her contention, George points to our statement in *Plunkett* that "because [the amended] section 3553 incorporates policy statements by name, policy statements are independently mandatory." 94 F.3d at 519. This language is dictum and does not advance George's position. In *Plunkett*, we were not required to decide whether the Chapter 7 policy statements are themselves binding; rather, we were concerned only with whether the policy statements concerning probation revocation trumped the guidelines applicable to the original offense. We held they did not. Any conclusions about the status of the Chapter 7 policy statements standing alone were unnecessary to our holding in *Plunkett*.

The law of our circuit continues to be that the policy statements in Chapter 7 are advisory. *Forrester*, 19 F.3d at 484; *see also Plunkett*, 94 F.3d at 519 ("the result of *Forrester* remains intact"); *United States v. Redmond*, 69 F.3d 979, 981–82 (9th Cir.1995); *Contreras*, 63 F.3d at 855–56 ("Chapter 7 policy statements are not binding on the district court . . ., but they are an element in the exercise of discretion and it would be an abuse of discretion for the district court to ignore them." (citation omitted)). The Chapter 7 policy statements are "mandatory" only to the extent that the district court must consider them in calculating a sentence upon revocation of supervised release; the district court, however, is not bound by the ranges stated in Chapter 7. This rule is consistent with the holdings of other circuits addressing the effect of the 1994 amendments to section 3553(a)(4).

## V. Review of George's Sentence

George does not suggest that the district court ignored the Chapter 7 policy statements or otherwise abused its discretion in determining her sentence. As in *Forrester*, the district court considered the policy statements of Chapter 7 and then "was free to reject the suggested sentence range." 19 F.3d at 485. The 23–month

sentence George received upon revocation of her supervised release is below the applicable statutory maximum. *See* 18 U.S.C. § 3583(e)(3) (two-year maximum if the underlying offense was a class C or D felony). We therefore affirm George's sentence.

AFFIRMED.