UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MICHAEL D. PEFFER,
          *Defendant-Appellant.*

No. 00-4190

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Glen M. Williams, Senior District Judge.
(CR-89-159)

Submitted: October 26, 2000

Decided: November 6, 2000

Before WIDENER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Theodore Simon, Philadelphia, Pennsylvania, for Appellant. Robert P. Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael D. Peffer appeals the district court's order revoking his term of supervised release and imposing a sentence of two years imprisonment after he violated the conditions of his supervised release by repeatedly using cocaine and associating with a drug dealer. We affirm.

Raising the issue for the first time on appeal, Peffer argues that the 1994 amendments to 18 U.S.C.A. § 3553 (West 2000) made the Chapter 7 policy statements of the federal sentencing guidelines binding on the sentencing court, and that the court therefore should have sentenced him within the sentencing range of five to eleven months applicable in his case. In *United States v. Davis*, 53 F.3d 638, 640-42 (4th Cir. 1995), this court held that the Chapter 7 policy statements "are now and always have been non-binding, advisory guides to the district courts in supervised release revocation proceedings." *Davis*, 53 F.3d at 642; *see also United States v. George*, 184 F.3d 1119, 1121 (9th Cir. 1999) (holding that Chapter 7 policy statements are not binding, rejecting contrary interpretation of *United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir. 1996)).

Next, Peffer argues that the district court failed to adequately consider the Chapter 7 sentencing range and the factors set out in § 3553. Unless there is some reason to think otherwise, this court presumes in non-departure cases that a district court properly considered the pertinent statutory factors. *See United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998); *Davis*, 53 F.3d at 642 ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Peffer also claims that the district court considered impermissible factors, thereby violating the constitutional protections of due process, equal protection, and the Fifth Amendment, when he rejected the recommendation of his New Jersey probation officer for drug treatment, and opted for a custodial sentence. He bases his argument on the

court's statement that the differing recommendations from Peffer's probation officers in Virginia and in New Jersey concerning the proper sanction for Peffer's violations of supervised release reflected in part "the difference in the mores of the place in which a person lives." We do not find that the court's statement violates any of the constitutional protections cited by Peffer.

Finally, Peffer contends that his attorney rendered ineffective assistance when he failed to argue that the Chapter 7 guidelines were binding, or that the court was required to consider the Chapter 7 sentencing range, and failed to request a downward departure. Because the record does not conclusively establish that Peffer's attorney was ineffective, any such claim should be brought in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000). *See United States v. Smith*, 62 F.3d 641, 650 (4th Cir. 1995).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*