**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dan Michael RUFFO, Defendant–
Appellant.**

No. 00–30057.
D.C. No. CR–93–02032–JET.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2000.

Decided Jan. 5, 2001.

Before B. FLETCHER, FISHER, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

 Dan Michael Ruffo appeals the three-year sentence imposed on revocation of supervised release. He contends that the district court failed to consider the applicable sentencing range set forth in the Sentencing Commission's policy statement in U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a) (1998). While the policy statement is not binding, the court must consider it. 18 U.S.C. § 3553(a)(4)(B); *United States v. George,* 184 F.3d 1119, 1120–22 (9th Cir.1999). The applicable sentencing range specified by the policy statement was brought to the court's attention in the Probation Office's sentencing memorandum, which the court acknowledged having read. Moreover, both counsel made references to the policy statement at the revocation hearing. Under those circumstances, we conclude that the district court considered the policy statement's sentencing range. Ruffo also contends that the court failed to state the reasons for imposing the sentence as required by 18 U.S.C. § 3553(c). While he offered no formal statement of reasons, throughout the hearing the judge expressed his concern that there was nothing to indicate that Russo had shown remorse or would change his behavior and become a law-abiding citizen. The record reflects the judge's loss of hope that a lesser sentence would further rehabilitation and his belief that unless Ruffo were incarcerated, he would pose a danger to society. The judge's statements leave no doubt that he imposed a lengthy sentence not only for punishment, but also to protect the community from further harm. *See United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir.2000).

 Finally, the district judge did not abuse his discretion in failing to recuse himself. Because Ruffo was aware of the alleged grounds for recusal at sentencing, yet failed to advise the district judge of his belief that grounds for recusal existed, he bears a greater burden on appeal to demonstrate reversible error. *See United States v. Sibla,* 624 F.2d 864, 868 (9th Cir.1980). Ruffo did not show that the

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district judge was party to any extra-judicial information or that the judge had a personal interest in the matter. Thus, Ruffo failed to sustain his burden inasmuch as no reasonable person with knowledge of the facts would question the judge's impartiality. *See United States v. Nelson,* 718 F.2d 315, 321 (9th Cir.1983).

AFFIRMED.