**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul BATTERMANN, Defendant–**
**Appellant.**

No. 00–30187.

D.C. No. CR–93–00017–DWM.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Submitted Feb. 9, 2001.*

Decided Feb. 14, 2001.

Before RYMER, THOMAS, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Paul Battermann appeals the district court's imposition of sentence following a revocation of his supervised release. We affirm. Because the parties are familiar with the factual and procedural background of this case, we will not recount it here.

### I

The district court did not abuse its discretion in imposing a twenty-four month sentence after finding that Battermann violated the conditions of his supervised release by using heroin, marijuana and alcohol. After finding a violation, a district court may impose a sentence up to the statutory maximum allowed under 18 U.S.C. § 3583(e)(3). *United States v. Musa,* 220 F.3d 1096, 1100 (9th Cir.2000). The statutory maximum Battermann faced for his violations was three years. 18 U.S.C. § 3583(e)(3).

The district court did not abuse its discretion in declining to follow the Sentencing Commission's advisory policy

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

statements applicable to revocations of supervised release. "The Chapter 7 policy statements are 'mandatory' only to the extent that the district court must consider them in calculating a sentence upon revocation of supervised release; the district court, however, is not bound by the ranges stated in Chapter 7." *United States v. George,* 184 F.3d 1119, 1121–22 (9th Cir. 1999). A review of the record shows that the district court adequately considered the non-binding policy statements before imposing a sentence under the statutory maximum. No reversible error was committed. *United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000).

## II

The district court did not abuse its discretion in denying Battermann's motion, pursuant to Fed.R.Crim.P. 35, to correct his sentence. Batterman claims that the district court inappropriately imposed an upward departure in imposing the twenty-four month sentence. This argument proceeds from a faulty premise. Because the Chapter 7 policy statements are advisory only, the district court did not depart from any mandatory provision of the Sentencing Guidelines. Thus, no upward departure occurred, and no notice was required.

■ The district court also did not abuse its discretion by not requiring preparation of a supplemental pre-sentence report before imposing sentence after revoking Battermann's supervised release. *See United States v. Whitworth,* 856 F.2d 1268, 1288 (9th Cir.1988).

Thus, a correction to the sentence was not required, and the district court did not abuse its discretion in denying the Rule 35 motion.

AFFIRMED.