**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher Charles MORGAN,**
**Defendant–Appellant.**

No. 00–5930.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

**502**

Before SILER and MOORE, Circuit Judges; STAGG, District Judge.*

## ORDER

This is a direct appeal from a judgment finding a defendant in violation of the terms of his supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Christopher Charles Morgan was found guilty of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to a thirty month term of imprisonment to be followed by a five year period of supervised release. Morgan was placed on supervised release on January 24, 1997, and a probation officer swore out a violator warrant for Morgan in 1999. The district court subsequently conducted an evidentiary hearing and found Morgan guilty of violating the terms of his supervised release. The court sentenced Morgan to a new twenty-four month period of incarceration and this appeal followed.

Counsel for Morgan filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. Califor-*

*nia,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Morgan was served with this motion and a copy of the brief and was invited to respond, *see Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir. 1988), but he chose not to do so.

Morgan's 1994 drug conviction carried with it a period of supervised release subject to several conditions of supervision. Morgan was directed, in part, to maintain full-time employment, to avoid possession of firearms and use of illegal drugs, and to participate in mental health counseling or drug screens as deemed necessary by the probation office. Morgan spent approximately two and one-half years on supervised release when the probation officer assigned to his case petitioned for Morgan's detention for having violated all of the above noted provisions.

The matter proceeded to a hearing at which Morgan was represented by an attorney. Morgan readily admitted the truth of the allegations and the district court questioned Morgan as well as his probation officer concerning the circumstances of the violations. Morgan specifically admitted to having been charged with disorderly conduct and vandalism, failing to attend required anger management classes, neglecting to submit to required drug screens and to attend drug education classes, failing to maintain full-time employment, and a deliberate refusal to provide his probation officer with regular reports or his permanent address. The judge expressed his frustration with Morgan, especially in light of the substantial sentencing leniency originally shown Morgan, and ultimately concluded that Morgan was likely to commit more violations if granted another conditional release. The

---

* The Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

district court thereafter sentenced Morgan to a new twenty-four month term of imprisonment with no additional supervised release.

Counsel for Morgan, in furtherance of his duty under *Anders*, has capably outlined Morgan's situation and concluded that there are no non-frivolous issues for appeal. Counsel does mention that this court may review the district court's sentence for its reasonableness under existing Sixth Circuit law.

■ The sentence on review passes muster under existing Sixth Circuit law. This court reviews a district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Webb,* 30 F.3d 687, 688 (6th Cir.1994). This court will not disturb a sentence of imprisonment if the district court considered the relevant statutory factors and the sentence is not plainly unreasonable. *See id.* at 689; *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). The relevant statutory factors are set forth in 18 U.S.C. § 3553 and include: "the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide [the] defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities." *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998) (citations omitted). The applicable four to ten month sentencing guideline range, provided in Chapter 7 of the guidelines, is merely advisory; thus, a court need only consider the recommended sentencing range prior to imposing sentence when revoking a defendant's supervised release. *See McClellan,* 164 F.3d at 310; *United States v. West,* 59 F.3d 32, 33 (6th Cir.1995).

■ In the case at bar, it is plain that the district court did not commit an abuse of its discretion in sentencing Morgan. Although Morgan had a sentencing range of four to ten months of imprisonment pursuant to USSG § 7B1.4(a), the district court departed upward from this range and sentenced him to twenty-four months of imprisonment. Counsel acknowledges that § 7B1.4 is a policy statement and, thus, is not binding on the district court. The record reveals that the district court considered virtually every § 3553 factor before concluding that Morgan's willful refusal to comply with the conditions of his release was likely to continue if he were to remain at large in that community. There is absolutely no suggestion that the conditions of supervision were unusual or improper or that the district court exceeded its authority in fashioning the sentence of record. There is no other error alleged or apparent. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.