UNITED STATES of America,
Plaintiff–Appellee,

v.

Justin Thomas HAUGEN,
Defendant–Appellant.

No. 00–30393.

D.C. No. CR–97–00359–MJP.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2001 *.

Decided Aug. 16, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BOOCHEVER, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Justin Thomas Haugen appeals his 18-month sentence imposed after his probation was revoked for numerous violations, including new criminal offenses. Haugen originally pled guilty to possession of counterfeit U.S. currency in violation of 18 U.S.C. § 472, and received an initial sentence of five years of probation. Haugen contends that the district court erred by upwardly "departing" to a post-revocation sentence of 18 months because (1) there is no "aggravating conduct" that made his forgery different from average forgery conduct; and (2) his sentence impermissibly punishes his new criminal conduct, rather than the breach of trust involved in the probation violations. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

"Alleged sentencing errors are reviewed for plain error where the defendant has failed to object before the district court and therefore forfeited his right to appeal." *United States v. Randall,* 162 F.3d 557, 561 (9th Cir.1998). We will not exercise our discretion to correct the forfeited error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quotations omitted). A district court's consideration of non-binding policy statements is reviewed for abuse of discretion. *United States v. George,* 184 F.3d 1119, 1120 (9th Cir.1999).

Although a previous version of 18 U.S.C. § 3565(a) required that upon revocation of probation a defendant could only be sentenced to the range available at the time of the initial sentencing, the current version of the statute specifies that the defendant may be resentenced under "subchapter A." This means that a court may sentence a probation violator to any statutorily permitted sentence, and is not bound by the maximum sentence available at the initial sentencing. *United States v. Vasquez,* 160 F.3d 1237, 1239 (9th Cir.1998) (citations omitted).

Under 18 U.S.C. § 3553(a)(4)(B), when imposing a sentence after a probation violation, a district court will consider the applicable guidelines *or* policy statements issued by the Sentencing Commission. *See also United States v. Plunkett,* 94 F.3d 517, 519 (9th Cir.1996). At this time, the Commission has promulgated only policy statements pertaining to post-revocation sentencing, not binding guidelines. U.S.S.G. § 7A Introduction Pt. A 3(a) (2000).

The applicable sentencing policy statement suggests a range of 5–11 months in light of Haugen's criminal history category (III) and his commission of a Grade C violation. U.S.S.G. § 7B1.4(a) (2000). Revocation of probation is the recommended response where a defendant commits a Grade C violation, has his probation continued, and the court finds a subsequent violation. U.S.S.G. § 7B1.3, cmt. n .1 (2000). Where, as here, the original sentence was the result of a downward departure that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure upon revocation of probation may be warranted. U.S.S.G. § 7B1.4, cmt n. 4 (2000).[1]

The district court did not plainly err by imposing a sentence in excess of the recommended 5–11 month range contained in U.S.S.G. § 7B1.4(a). We have recognized that although a district court must consider U.S.S.G. Chapter 7 policy statements when resentencing a defendant after a probation revocation, it is not bound by the ranges stated therein. *United States v. George,* 184 F.3d 1119, 1120 (9th Cir.1999).

During Haugen's sentencing hearing, the district court explicitly considered the 5–11–month range set forth in Chapter 7, and invited argument from counsel regarding imposition of an upward adjustment in light of the fact that the court had departed downward in imposing the initial sentence. Also, the 18–month sentence Haugen received did not violate the applicable statutory maximum on his underlying offense (15 years pursuant to 18 U.S.C. § 472). Having considered the Chapter 7 recommendation, the district court was well within its discretion to sentence Hau-

---

**1.** Moreover, 18 U.S.C. § 3565(b) requires mandatory revocation of probation and the imposition of a term of imprisonment where a defendant refuses to comply with drug test-ing. Haugen admitted to his failure to report for substance abuse testing on April 19 and April 27, 2000, in violation of a special condition of his probation.

gen to 18 months, above the recommended 5–11 month range.

 Haugen contends that his post-revocation sentence improperly punishes him for the new crimes he committed while on probation, rather than his underlying offense. *See, e.g., Johnson v. United States,* 529 U.S. 694, 701, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) ("postrevocation penalties relate to the original offense"). District courts can and often do, however, take into account the defendant's behavior while on probation in fashioning a post-revocation sentence. *See, e.g., United States v. Musa,* 220 F.3d 1096, 1098 (9th Cir.2000); *United States v. Tadeo,* 222 F.3d 623, 626 (9th Cir.2000).

The district court indicated that an 18–month sentence was appropriate in light of Haugen's problem with drug addiction, which was apparent from several of his probation violations. A longer sentence also was warranted to protect the public, in light of the assaults committed by Haugen during the months prior to his sentencing. The district court did not err in imposing an 18–month sentence.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.