**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jaycob VIDANA, Defendant–Appellant.**

No. 00–50630.

D.C. No. CR–92–00424–R–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2001.

Decided Sept. 10, 2001.

Before HALL, MICHEL,[1] and TROTT, Circuit Judges.

## MEMORANDUM[2]

Jaycob Vidana appeals his 24–month sentence imposed following the revocation of his supervised release. Vidana contends that his sentence must be vacated because the district court failed to state in open court its specific reasons for imposing the statutory maximum of 24 months instead of a sentence within the 8 to 14–month range recommended by the "policy statements" of Chapter Seven of the U.S. Sentencing Guidelines. We affirm.

During the revocation proceedings, Vidana admitted to a year-long pattern of supervised release violations:

1. Defendant failed to report in person as instructed on June 29, 1999; July 15, 1999; July 27, 1999; August 3, 1999; August 31, 1999; September 28, 1999; October 26, 1999; November 30, 1999; December 28, 1999; January 25, 2000; February 29, 2000; March 28, 2000; April 25, 2000; May 30, 2000; June 27, 2000; and July 25, 2000.

2. Defendant failed to submit written monthly reports as instructed for the months of May, June, July, August, September, October, November, and December 1999; and January, February, March, April, May, June, and July 2000.

3. Defendant failed to report for drug testing as directed on June 11, 1999 and June 29, 1999.

At sentencing, after the district court stated that Vidana's sentence was 24 months, defense counsel asked, "[I]s there a reason why the court imposed the maximum in this case?" When the district court responded, "This man has not done anything responsible at all in the case," the court clearly was explaining that it was Vidana's persistent pattern of supervised release violations that warranted the 24–month sentence. The court's explanation, while terse, "is sufficient to provide us with a basis to review the sentence, and thus meets the requirements of 18 U.S.C. § 3553(c)(2)." *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir.), *cert. denied*, 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469 (2000). Although the district court provided its explanation after defense counsel requested one, and § 3553(c)(2) requires an explanation in *all* cases in which the court imposes a sentence outside the range recommended by the policy statements, not only upon request, it is enough for purposes of our review that the court in this case provided an adequate explanation on the record. The 24–month sentence was not an abuse of discretion in light of Vidana's thirty-three admitted supervised release violations.

Moreover, the record demonstrates that the district court considered the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). At the sentencing hearing, defense counsel argued facts relevant to the § 3553(a) factors as applied to Vidana. Vidana himself submitted to the court a letter describing his circumstances, and the court acknowledged receiving the letter. The district court need not specifically address each § 3553(a) factor on the

---

1. The Honorable Paul R. Michel, United States Circuit Judge for the Federal Circuit, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

record so long as there is an indication that the court considered them. *See United States v. Schmidt,* 99 F.3d 315, 319 (9th Cir.1996).

 Finally, there was no need for the district court to give Vidana notice under Fed.R.Crim.P. 32 before imposing a sentence outside the range recommended by the Chapter 7 policy statements because there was no "departure" in the Guidelines sense of the term. *See, e.g., United States v. Shaw,* 180 F.3d 920, 922 (8th Cir.1999). The policy statements are merely advisory and are not binding on the sentencing court. *See United States v. Tadeo,* 222 F.3d 623, 626 (9th Cir.2000); *United States v. George,* 184 F.3d 1119, 1122 (9th Cir.1999).

AFFIRMED.