**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard William SINGREY, Defendant–Appellant.**

**No. 01–30211.**

**D.C. No. CR–97–02102–1–WFN.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

Richard William Singrey appeals his 18–month sentence imposed following the district court's revocation of his supervised release term. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Singrey's sole contention is that the district court did not consider the sentencing factors set by 18 U.S.C. § 3553(a) in imposing a sentence four months greater than the range suggested by Chapter 7 of the United States Sentencing Guidelines. When revoking supervised release, the district court must consider the policy statements in Chapter 7, but is not bound by the ranges stated within in calculating a sentence. *United States v. George*, 184

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

F.3d 1119, 1122 (9th Cir.1999). If the court imposes a sentence beyond the range set in the policy statement, 18 U.S.C. § 3553(c)(2) requires the court to state in open court the specific reasons for the departure with sufficient detail to allow the court to conduct a meaningful review. *United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir.), *cert. denied,* 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469 (2000).

We affirm because the record indicates that the district court (1) considered the factors under § 3553(a) in sentencing Singrey, and (2) stated in open court its specific reasons for the sentence imposed. The district court recognized the Chapter 7 range at the revocation hearing, but stated in open court that it departed from the range based on findings that Singrey appeared to be out of control, as demonstrated in part by his continuing arrests, and his lack of effort to comply with the terms of supervised release. *See George,* 184 F.3d at 1122; *see also Musa,* 220 F.3d at 1101. Therefore, the district court did not abuse its discretion in sentencing Singrey.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.