UNITED STATES of America, Plaintiff–Appellee,

v.

Damon MARTIN, Defendant–Appellant.

No. 01–2199.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2002.

Before KENNEDY, ALAN E. NORRIS, and BATCHELDER, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant Damon Martin pled guilty to several violations of the terms of his four-year supervised release. The district court imposed a 36–month sentence upon revocation of supervised release. Martin appeals the decision as plainly unreasonable and for failure to consider the factors suggested by the Sentencing Commission in 18 U.S.C. § 3553. We affirm the sentence imposed by the district court.

Supervised release decisions are reviewed for abuse of discretion. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir. 1994). The Sentencing Commission has issued policy statements to guide district judges' resentencing decisions. *See* 18 U.S.C. § 3553. These policy statements list factors to take into account, and suggest an appropriate range for sentencing. Although the policy statements are not binding, district judges are required to consider them. *United States v. West*, 59 F.3d 32 (6th Cir.1995). In a case like Martin's, the policy statements suggest a sentencing range of 5–11 months. The district court stated that the suggested range was insufficient to rehabilitate Martin and therefore imposed a 36–month sentence.

A district court's sentence should be affirmed unless the court fails to consider the applicable policy statements, or the sentence is plainly unreasonable. *United States v. Jackson*, 70 F.3d 874, 878 (6th Cir.1995). "Ritual incantation" of the specific factors enumerated in the policy guidelines is not required. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998), *cert. denied*, 525 U.S. 954, 119 S.Ct. 386, 142 L.Ed.2d 319 (1998). After a lengthy discussion of Martin's need for rehabilitation, the district court noted that "the sentencing guidelines should not be applied here. I think the defendant needs more time than the sentencing guidelines provide." (J.A. at 29). The court's reference to the Sentencing Guidelines indicates that it considered them and deliberately chose to impose a longer sentence based on its analysis of Martin's case. The district court explicitly mentioned Martin's criminal history and his characteristics as a drug abuser, as well as the need to provide Martin with education and/or vocational training, all of which are factors listed in the policy statement. 18 U.S.C. § 3553(2)(D). In light of the district court's particular findings regarding Martin's situation, the sentence was not plainly unreasonable.

We therefore AFFIRM the sentence imposed by the district court.