UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Lee THOMPSON,
Defendant–Appellant.

No. 01–30237.

D.C. No. CR–92–0005–L.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Michael Lee Thompson appeals the 24–month sentence imposed following the revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Thompson contends that the district court erred by sentencing him to the statutory maximum sentence of 24 months, and that the advisory sentencing ranges contained in United States Sentencing Guidelines § 7B1.4(a) are mandatory. We reject this contention because these policy statements are advisory and not binding on the district court, see *United States v. George,* 184 F.3d 1119, 1122 (9th Cir.1999), and we decline to reconsider this holding. *See United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992) (stating that one three-judge panel of this court cannot overrule the decision of another, absent intervening Supreme Court authority calling earlier decision into question).

Thompson also contends that the district court abused its discretion by imposing the statutory maximum sentence despite the policy statements. Because Thompson raised this contention for the first time in his reply brief, we refuse to consider it. *See United States v. Bentson,* 947 F.2d 1353, 1356 (9th Cir.1991).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Thompson's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Although Thompson did not timely file his notice of appeal, the district court, in an order dated November 7, 2002, found there was cause for the delay and extended the filing period, making this appeal timely.