**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary L. BUTTON, Defendant–
Appellant.**

No. 05–30230.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2005.*

Filed Jan. 27, 2006.

Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant–Appellant.

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

Gary L. Button (Button) appeals the revocation of his supervised release and imposition of a twelve-month sentence. Button argues that the district court erred by imposing imprisonment for his release-condition violation and that the resulting sentence was unreasonable. We affirm the district court's revocation decision and sentence.

"We review a district court's application of the supervised release statute de novo." *United States v. Ortuño–Higareda*, 421 F.3d 917, 922 (9th Cir.2005) (citation omitted). Button's admission of possession of a controlled substance in violation of a release condition authorized mandatory revocation under 18 U.S.C. § 3583(g). In accordance with Application Note No. 6 to U.S.S.G. § 7B1.4 (2004), the district court considered the continuation of supervised release with additional drug treatment rather than the imposition of imprisonment. Ultimately, however, the court imposed a twelve-month sentence based upon Button's prior difficulties in complying with supervised release condi-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tions. Since the policy statements in Chapter 7 of the Guidelines are not binding, *United States v. George,* 184 F.3d 1119, 1121–22 (9th Cir.1999), the court did not err in choosing imprisonment under § 3583(g) rather than continued supervised release under Application Note No. 6.

Button's challenge under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), of the reasonableness of his twelve-month revocation sentence similarly lacks merit. Following *Booker,* we continue to review revocation sentences for abuse of discretion, not for unreasonableness. *See Ortuño–Higareda,* 421 F.3d at 922 (citation omitted). Section 3583(g), not the Sentencing Guidelines, governs Button's release revocation. The district court complied with § 3583(g)'s terms, applying the statute based upon Button's admission of a predicate violation and imposing a revocation sentence within the relevant statutory maximum. There was no abuse of discretion.

AFFIRMED.