**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Jessica OTERO, Defendant–Appellant.**

**No. 07–50275.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2008.

Filed April 22, 2008.

Bruce R. Castetter, Esq., Assistant U.S., Lawrence E. Spong, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Janet Tung, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: WARDLAW, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM *

Jessica Otero appeals the district court's imposition of a twenty-four-month sentence in her probation revocation hearing.

R.App. P. 34(a)(2).

2. 421 F.3d 932 (9th Cir.2005).

3. 149 F.3d 1054 (9th Cir.1998).

4. 188 F.3d 1072 (9th Cir.1999).

5. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

6. 520 F.3d 984 (9th Cir.2008).

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court adequately considered the policy statements in Chapter 7 of the United States Sentencing Guidelines. *See United States v. George*, 184 F.3d 1119, 1122 (9th Cir.1999) ("The Chapter 7 policy statements are 'mandatory' only to the extent that the district court must consider them in calculating a sentence upon revocation of supervised release; the district court, however, is not bound by the ranges stated in Chapter 7."). The Chapter 7 range was included in the defendant's sentencing memorandum, which the court indicated it had "received" and "considered." The range was also before the court in the Probation Department's Presentence Report. Finally, the court indicated that it was upwardly departing from the guideline range and gave sufficient reasons for the upward departure: Otero had been kicked out of two rehabilitation facilities for having a bad attitude and malignancy toward others; she unlawfully possessed and used drugs during her probationary period; and "her violations [were] so egregious and so continuing" that "nothing short of a long term in custody [would] serve[ ] to deter her from criminal conduct. . . ."

The district court's failure to explicitly recalculate the original guidelines range did not render the sentence unreasonable. *See United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir.2006) ("We review the sentence ultimately imposed for reasonableness."). Although the range stated at the probation revocation sentencing hearing (18 to 24 months) differed from the range stated at the original sentencing (12 to 18 months), the record makes clear that this difference was due to the two-level "fast track" departure. *See* U.S.S.G. § 5K3.1. The district court's decision to reject the "fast track" departure based on Otero's probationary misconduct was not unreasonable. *Id.* ("[T]he court *may* depart downward . . . pursuant to an early disposition program . . . ." (emphasis added)).

For the foregoing reasons, the district court's imposition of a twenty-four-month sentence is

**AFFIRMED.**