**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Colleen C. PIXLER, Defendant–
Appellant.**

**No. 01–3159.**

United States Court of Appeals,
Sixth Circuit.

June 25, 2002.

Before CLAY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

## ORDER

Colleen C. Pixler appeals a district court judgment that revoked her probation and sentenced her to six months of imprisonment to be followed by three years of supervised release. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

On June 14, 1999, Pixler pleaded guilty to a charge that she misappropriated funds while working for the postal service. She was sentenced to two years of probation. One or two months later, Pixler began embezzling funds from her employer, an attorney in private practice.

In February 2001, Pixler pleaded guilty to violating the conditions of her probation by, among other things, embezzling about $3,000 from the attorney. Pixler asked that the district court determine, pursuant to the policy statement for USSG § 7B1.1, that her conduct constituted a grade "C" probation violation and that it continue her probation. The district court determined that Pixler's conduct was properly categorized as a grade "B" violation, as defined by § 7B1.1, and ordered Pixler to serve six months of imprisonment to be followed by three years of supervised release.

In her timely appeal, Pixler challenges the sentence imposed, arguing that the district court erred: (1) by failing to consider the general factors for imposing a sentence, 18 U.S.C. § 3553(a); and (2) in its application of the policy statement for § 7B1.1.

We will affirm a district court's sentence of imprisonment upon revocation of probation if the record shows the district court considered the relevant statutory factors and that the sentence is not plainly unreasonable. *See United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994) (concerning the revocation of supervised release); *United States v. Fowler*, No. 99–5298, 1999 WL 1111586 (6th Cir. Nov.22, 1999) (unpublished) (concerning the revocation of probation).

■ The district court adequately considered the general sentencing factors in crafting Pixler's sentence. These factors are set forth in 18 U.S.C. § 3553 and include: "the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide [the] defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities." *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998) (citations omitted). Although the district court did not specifically refer to § 3553, a court does not need to engage in ritualistic incantations in order to establish that it considered a legal issue, not does the court have to make specific findings relating to each factor contained in § 3553. *Washington*, 147 F.3d at 491. The court's statements at sentencing reflect that the court considered Pixler's circumstances and history, her immediate return to thievery following her guilty plea to the offense of conviction, her need for some form of treatment, and the precise nature of her embezzlement violation in the light of the policy statement for § 7B1.1.

■ Contrary to Pixler's appellate contention, the district court did not err in the *application* of the policy statement for § 7B1.1, because it was not required to apply that policy statement. This court has consistently held that Chapter 7 policy statements are not binding and that they need only be "considered" by the sentencing court. *United States v. West*, 59 F.3d 32, 35 (6th Cir.1995); *United States v. Bruce*, 285 F.3d 69, 73 (D.C.Cir.2002) (citing *West*, 59 F.3d at 35).

The transcript of Pixler's hearing reflects that counsel sought the application of the policy statement for § 7B1.1, as a

sentencing guideline, which it is not. In rejecting Pixler's proposed interpretation of the policy statement, the court clearly considered the matter. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir.1995) (stating that a district court is presumed to have considered the policy statements after reviewing a supervised-release violation report that contains those statements). Nothing more was required. Because Pixler was sentenced within the guideline range set out in the policy statements, her sentence was neither in violation of the law nor plainly unreasonable. *United States v. Pena*, 125 F.3d 285, 287 (5th Cir.1997).

Accordingly, we affirm the district court's judgment.