**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricky Lee MARRINER, Defendant–
Appellant.**

No. 03–3900.

United States Court of Appeals,
Sixth Circuit.

Oct. 22, 2003.

Before MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

### ORDER

Ricky Lee Marriner, represented by counsel, appeals a district court judgment revoking his probation and imposing a six-month term of imprisonment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Marriner pleaded guilty in 1998 to committing the misdemeanor offense of failing to pay child support to a child residing in another state, in violation of 18 U.S.C. § 228, and was sentenced to five years of probation. Included within the special conditions of probation were the requirements that Marriner make full restitution of his child support obligation arrearage and that he make full financial disclosure to his probation officer.

In 2003, the court issued a summons due to Marriner's failure to make payments since April of 2002 and his failure to comply with requests for information relative to his finances and dealings with the IRS. Following Marriner's concession that he had stopped making payments, the court revoked his probation on June 23, 2003, and sentenced him to six months in prison.

Marriner's court-appointed counsel has filed a brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After review of the entire record, counsel determined that there were no meritorious grounds for appeal, but nonetheless examined whether the district court complied with procedural safeguards, erred by revoking probation, erred in imposing sentence, and erred by denying Marriner's request for a continuance. Marriner was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

This court reviews a decision to revoke federal probation for an abuse of discretion. *United States v. Lowenstein,* 108 F.3d 80, 85–86 (6th Cir.1997).

■ We conclude that Marriner was afforded the required procedural safeguards. *See* Fed.R.Crim.P. Rule 32.1(b)(2); *Black v. Romano,* 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985); *United States v. Waters,* 158 F.3d 933, 944 (6th Cir.1998). He received written notice of the violations, was appointed counsel, and was present at the four days of hearings. Marriner stipulated to violating probation by stopping payments, and the court afforded Marriner ample opportunity to allocute and to present any evidence. Finally, the court issued a written statement as to

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

the evidence relied on and the reasons for revoking probation.

■ The district court properly revoked Marriner's probation after finding that Marriner had violated a condition of probation and inquiring into his reasons for failing to pay restitution. *See Bearden v. Georgia*, 461 U.S. 660, 673, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *Lowenstein*, 108 F.3d at 85–86. Marriner's failure to produce any financial or medical documentation from the time he stopped making payments through the end of the revocation proceedings evinces a wilful failure to pay.

■ The district court did not abuse its discretion by sentencing Marriner to six months in prison. *See United States v. Twitty*, 44 F.3d 410, 414 (6th Cir.1995). The court's statements were sufficient to permit informed appellate review, and the sentence imposed showed consideration of the nature of the offense and the kind of sentence available. *See* 18 U.S.C. §§ 3553 & 3742(a)(4); *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999); *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998) (concerning the revocation of supervised release); *United States v. Pixler*, No. 01–3159, 2002 WL 1379021, at *1, 40 Fed.Appx. 82 (6th Cir. June 25, 2002) (unpublished) (concerning the revocation of probation). Where, as here, the offense of conviction was a Class B misdemeanor, a court may impose a prison term ranging from thirty days to six months upon revocation of probation. *See* 18 U.S.C. §§ 3559(a)(7) & 3565(a)(2). Thus, Marriner's sentence was within the statutory range.

■ The district court did not abuse its discretion by denying Marriner's second motion for a continuance. *See United States v. Prince*, 214 F.3d 740, 762 (6th Cir.2000). To determine whether the district court abused its discretion by denying a motion for a continuance, this court does not apply a mechanical test, but considers the circumstances of the case, the reasons given for the motion, and whether a continuance would have contributed something to the defense. *Id.* Marriner had previously been given a continuance to produce documentary evidence of his alleged illness. He failed to produce anything and did not show that another continuance would have been helpful.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.